Michael P. O'BRIEN, Plaintiff, Appellant,

v.

Harold HOBART, Defendant, Appellee.

No. 5293.

United States Court of Appeals
First Circuit.

Nov. 22, 1957.

See also 243 F.2d 735.

Michael T. Prendergast, Boston, Mass., with whom Reuben H. Nitkin, Boston, Mass., was on brief, for appellant.

Thomas H. Mahony, Boston, Mass., with whom Edward F. Mahony, George T. Padula, Philip B. Buzzell and Charles M. Ewing, Boston, Mass., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment entered by the United States District Court for the District of Massachusetts on June 27, 1957 and presents the question of whether a remittitur is to be deducted from a verdict before interest calculated from the commencement of the action is added to the verdict or whether it is to be deducted from the aggregate amount of the verdict plus such interest.

The original memorandum filed by the trial judge on July 2, 1956, which concerned the defendant's motion for a new trial, denied that motion upon the condition that the plaintiff remit to the defendant $13,000. The plaintiff filed his remittitur for this amount but unfortunately neither the judge's memorandum nor the remittitur stated whether the $13,000 was to be subtracted from the verdict of $61,000 or from the verdict plus interest of $12,677.83 which totalled $73,677.83. The clerk of the district court issued an execution which deducted the $13,000 from the verdict plus interest. Defendant subsequently moved for a new judgment which would subtract $13,000 from the verdict and an amended judgment was so ordered by the trial judge, who stated that the remittitur was meant to be deducted from the amount of the verdict and not from the verdict plus interest.

In the absence of language by the trial judge in his original memorandum expressly stating that the remittitur was to be subtracted from the verdict plus interest, this court considers that the remittitur was to be subtracted from the verdict only. Here interest was not an element of damages considered by the jury. It is an item which was added to the verdict by the clerk. It was the verdict of the jury for $61,000 that the trial judge considered excessive. It was his judgment that a verdict for more than $48,000 should not have been rendered.

A judgment will be entered affirming the amended judgment of the district court.