**GILA RIVER RANCH, INC., a corporation, and Russell Badley and Celeste Badley, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**GILA RIVER RANCH, INC., a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 20643, 20644.

United States Court of Appeals
Ninth Circuit.

Oct. 13, 1966.

As Amended Nov. 28, 1966.

Rehearing Denied Nov. 29, 1966.

Mark Wilmer, Snell & Wilmer, Phoenix, Ariz., for appellant Gila River Ranch, Inc.

Fred Rosenfeld, Gust, Rosenfeld & Divelbess, Phoenix, Ariz., for appellants Badley.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Edmund B. Clark, Attys., U. S. Dept. of Justice, Washington, D. C., Wm. P. Copple, U. S. Atty.,

Richard S. Allemann, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and KOELSCH and DUNIWAY, Circuit Judges.

MADDEN, Judge:

These appeals are from judgments .in two suits by the United States in the United States District Court to take flowage easements in the Gila River Basin of Maricopa County, Arizona, the easements being related to the Painted Rock Dam. No. 20643 involves a tract of 18,945.29 acres, owned, at the time of the taking, by appellant Gila River Ranch, Inc., hereinafter called Gila. Gila, after the taking, conveyed its title to some 640 acres of its large tract to Russell Badley and Celeste Badley, who also are appellants in No. 20643. No. 20644 involves a tract of 78.79 acres, owned at the time of the taking and apparently still owned by Gila.

The two cases were tried together in the district court, but separate verdicts and judgments were rendered. We will treat first of the case which is involved in our No. 20643, and relates to the large tract of land. The jury's verdict rendered on November 27, 1964, was for $1,-132,000. On February 8, 1965, the United States made a motion for a new trial, on the ground that the verdict was excessive. The district court denied the motion, but conditioned its denial upon the remittitur by the appellants of $125,000. Thereupon the appellants, i. e. Gila and the Badleys, executed releases to the United States of all claims to $125,000, which releases were approved by the court on July 13, 1965. In the meantime the United States had paid into the registry of the court an amount sufficient to satisfy the jury's verdict, and this money was used to pay certain creditors of Gila who had liens upon the acreage in question, and to pay the balance to Gila, except that $52,000 was paid to the Badleys pursuant to an agreement between Gila and the Badleys that the Badleys were to receive $52,000 which they were to immediately pay over to Gila. Gila received $607,947.75 "without prejudice," from the registry of the court.

A judgment for the amount of the jury's verdict $1,132,000, and interest, was entered, as were the releases of the $125,000. On September 10, 1965, the United States filed a motion to set aside the judgment of $1,132,000, with interest, and to substitute a new judgment for $1,007,000, with interest. The purpose of the proposed substitution was to subtract the remitted $125,000 directly from the jury's verdict of $1,132,000, and thus have interest computed only on the reduced principal sum. The difference in question was interest on $125,000 from the time of the taking to the time of payment by the Government. It amounted to $28,125.

The appellants objected, but the court granted the United States' motion and entered the requested new judgment, which also ordered Gila and the Badleys to refund to the United States $153,125 ($125,000 plus interest on $125,000.), but limiting the Badleys' refund liability to $7,043.75 which would have been their part, proportionate to the $52,000 which they had received, of the refundable principal and interest.

I

The Gila River Ranch, Inc. Appeal in No. 20543

The district court had author·ity to reopen the remittitur question pursuant to Rule 60(b) (1) of the Federal Rules of Civil Procedure. The argument of Gila that the $125,000 remittitur was and is final is not valid. The remittitur of $125,000 was filed, with court approval, on July 15, 1965. Four months later the court ordered Gila River Ranch to refund $153,125. The court said it was doing so because its original intention was that Gila should remit $125,000 from the verdict, not from the judgment, i. e., the court intended Gila to remit $125,000 plus interest on $125,000.

That this was the district court's intention is clear. When the court ordered remittitur of $125,000, it stated in its

memorandum that "the *verdict* should be reduced in Cause No. 3586 in the Amount of $125,000 * * *. If the defendant landowner, within 30 days from filing of this opinion, will file a stipulation to accept *judgments* [1] on the verdicts in the two cases reduced by the above amounts, then the motion for a new trial will be denied; otherwise the motion will be granted." (Italics added.) Thereupon, Gila filed a consent to a reduction of $125,000 from the *judgment*. Evidently, Gila River Ranch misunderstood the court's intent. And when the court approved the remittitur of $125,000 from the judgment, the court evidently overlooked the significance of the word "judgment." [2]

This is the kind of "mistake" that can be corrected by the district court "within a reasonable time" pursuant to Rule 60 (b) (1) of the Federal Rules of Civil Procedure. As Professor Moore rhetorically asks:

> why should not the trial court have the power to correct its own judicial error under 60(b) (1) within a reasonable time—which, as we subsequently point out should not exceed the time for appeal—and thus avoid the inconvenience and expense of an appeal by the party which the trial court is now convinced should prevail? [3]

Moore further says:

> there should be sufficient flexibility in the Rules so that the district court has the power under 60(b) (1) to grant relief for error of law apparent, on motion, made within a reasonable time. [4]

▮ The following cases support Moore's view that under Rule 60(b) (1) the trial judge can, within a reasonable time not exceeding the time for appeal,

hold a rehearing and change his decision: McDowell v. Celebrezze, 310 F.2d 43 (5th Cir. 1962); Sleek v. J. C. Penney Co., 292 F.2d 256, 258 (3rd Cir. 1961). Cf. Shay v. Agricultural Stabilization & Conservation State Committee for Arizona, 299 F.2d 516, 524 (9th Cir. 1962).

▮ The Government's motion seeking to reopen the remittitur question was filed before the time for appeal had expired. The time for appeal in a case involving the United States as a party is 60 days under Rule 73(a). That period commenced to run upon the entry of the order accepting the remittitur, according to Rule 73(a), i. e. July 15, 1965. The Government on September 10, 1965, filed its motion to set aside the judgment and substitute a modified judgment. While technically the motion made under Rule 60(b) did not toll the running of the appeal time from the first judgments, the entry of the new judgments by the district court created judgments from which appeals could be taken. Shay v. Agricultural Stabilization & Conservation State Committee for Arizona, supra, 299 F.2d 516, 524 (9th Cir. 1962).

The Seventh Amendment to the Constitution of the United States says:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

The Seventh Amendment does not require that eminent domain suits brought by the United States for the taking of property for public use should be tried by a jury. The Court in Kohl v. United States, 91 U.S. 367, at page 376, 23 L.Ed. 449 (1875), gave the historical reason

---

1. The plural in the quoted language results from the fact, shown at the beginning of this opinion, that another case relating to a smaller acreage, but involving a similar problem was before the court. That other case is treated separately hereinafter.

2. This case thus differs from O'Brien v. Hobart, 249 F.2d 654 (1st Cir. 1957), where the misunderstanding, if any, was not clearly shown.

3. 7 Moore, Federal Practice § 60.22[3] pp. 235–238.

4. Id.

for that conclusion. See also Bauman v. Ross, 167 U.S. 548, at 593, 17 S.Ct. 966, 42 L.Ed. 270 (1897); City and County of Honolulu v. United States, 188 F.2d 459, 461–462 (9 Cir. 1951). Whether or not it would follow from this doctrine that the verdict of a common law jury in an eminent domain case which, as our instant case was, was actually tried before such a jury would be subject to a more extensive re-examination by the court than is the usual jury verdict is an interesting question which we have not investigated and upon which we express no opinion. In the instant case the district court entered the modified judgment, rather than taking some other action such as, e. g., granting the Government's motion for a new trial, because the court took the position that Gila and the Badleys consented to a reduction of the verdict by $125,000, and not merely to a reduction of the judgment by that amount. The court was merely holding these parties to what it regarded as their consents. The court did not take the position that it was reducing the verdict of the jury without the consent of the parties who would be aggrieved by the change. The court's memorandum directing the conditional remittitur of $125,000 was ambiguous and, Gila and the Badleys claim, was not understood by them as it was by the court. In the circumstances, Gila and the Badleys will not be subjected to a reduction of the verdict of the jury, since they did not consent to the reduction.

This part of the case is remanded to the district court. If Gila consents to a remittitur which is satisfactory to the court, an appropriate judgment may be entered. If such a consent is not forthcoming, the court may, in its discretion, reconsider the United States' motion for a new trial unless that motion is withdrawn by the United States.

## II

The Badleys' Appeal.

As we have seen, Gila conveyed 640 acres of its 18,945.29 acre tract to the Badleys, Gila on February 18, 1965, taken the easement over the entire tract. In the arrangements between Gila and the Badleys, Gila on February 18, 1965, assigned to the Badleys $52,000 out of the judgment which Gila would receive from the United States pursuant to its verdict. At the time of this assignment, the United States had already made its motion for a new trial on the ground that the verdict was excessive. Whether the arrangement between Gila and the Badleys contemplated a readjustment of the amount of this assignment if the judgment were reduced, we do not know. The assigned $52,000 was to be immediately paid over by the Badleys to Gila, presumably to be credited by Gila on the Badleys' debt to Gila for the 640 acres purchased by the Badleys. In any event, it seems that the resolution of any problems between Gila and the Badleys would depend upon Arizona law, applied by Arizona courts. We think that the Badleys should not have been included in the court's reimbursement order, and that feature of the order, along with the balance of the substituted judgment, discussed above in relation to the Gila appeal, must be and is set aside.

## III

The Gila River Ranch, Inc. Appeal in No. 20644

As we have said, the tract of land involved in No. 20644 contained only 78.79 acres. The jury's verdict in favor of Gila was for $5600. The United States made a motion for a new trial on the ground that the verdict was excessive. The court denied the motion, conditioning its denial on a remittitur by Gila of $800. No other party was involved in this case. The same further steps, involving the same points of law, occurred, as in No. 20643. The court entered a substituted judgment for $4,800, with interest, and ordered Gila to make a refund of $800, with interest. For the reasons given in No. 20643 the substituted judgment is set aside, and the case is remanded for the same fur-

ther procedures which we have described in connection with No. 20643.

The judgments are reversed and the cases are remanded for further proceedings not inconsistent with this opinion.