In re J. Richard GOLOB, et al., Debtors.

J. Richard GOLOB, Appellant,

v.

U.S. BANK OF WASHINGTON, successor to Old National Bank of Washington, Appellee.

BAP No. EW–91–2307–AsOR.
Bankruptcy No. 82–00552–314.

United States Bankruptcy Appellate Panel, Ninth Circuit.

Argued and Submitted on July 24, 1992.

Decided Sept. 8, 1992.

Roger K. Garrison, Sunnyside, Wash., for J. Richard Golob.

Alan D. Campbell, Yakima, Wash., for U.S. Bank of Washington.

Before: ASHLAND, OLLASON, and RUSSELL, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

J. Richard Golob appeals from an order of the bankruptcy court denying motion to set aside a previous order of the court approving a settlement among Golob, and others, and Old National Bank of Washington, succeeded by U.S. Bank of Washington. We affirm.

### STATEMENT OF THE FACTS

Prior to commencement of the underlying bankruptcy case, the debtors, J. Richard and Barbara Golob, and Golob & Sons,

Inc., of which the debtors and Pearl Golob are the primary shareholders, (collectively referred to as the "debtors") executed three promissory notes to Old National Bank of Washington in the principal amount of $2,000,000. Payment on the notes was secured by real and personal property of the debtors. The debtors defaulted on their payments under the notes and the bank accelerated the payments due. The bank brought suit against the debtors in state court for monies due and to foreclose on the debtors' property securing the notes.

In March of 1982, the Golobs filed a petition under Chapter 11 of title 11 of the United States Code. The schedules listed the bank as its only creditor.

The bankruptcy court referred the foreclosure action and related counterclaims to the district court for adjudication. On May 14, 1985, the debtors and the bank entered into a stipulated in-court settlement ("settlement") setting forth the general terms and conditions of their agreement. The settlement provided that certain of the debtors' real and personal property be transferred to the bank in lieu of foreclosure and included a release of claims amongst the parties. On September 3, 1985, the parties filed a motion to compromise controversy and the bankruptcy court entered an order approving the settlement on December 16, 1985.

Almost one year after approval of the settlement, another motion for order approving stipulation of settlement and compromise of claims was filed with the bankruptcy court ("second settlement"). The second settlement set forth in greater detail the terms of the agreement between the parties. The motion to approve the second settlement recited the fact that a prior settlement and release of claims had been entered into between the parties and approved by the bankruptcy court. It was clear from the language of the motion that the second settlement would serve as the agreement between the parties. The concluding paragraph of the motion stated:

"Wherefore, the Court having previously entered an Order Approving Compromise in Settlement of Claims with Old National Bank on December 13, 1985, Debtors and Bank pray that an additional order approving the terms of said settlement, as set forth herein, be issued by this Court without further notice to creditors."

Appellant's E.R., Tab 4, 11:24–12:2.

The second settlement was executed by all parties. The bankruptcy court entered an order approving the second settlement on December 2, 1986.

Approximately four years later, the debtors brought a motion to set aside or otherwise reconsider the order approving the second settlement. The basis for the motion to set aside was an alleged discrepancy between the two settlements. Specifically, the debtors asserted that according to the first settlement the bank was to receive the "feedlot," but the second settlement included a legal description of the property which debtors assert to be "grossly inconsistent" with the terms of the initial settlement. The legal description in the second settlement included not only the feedlot but other things such as a personal driveway, park, landscaped areas, barn used for show horses, farm maintenance sheds, repair stalls, driveway accessing farm areas and a "right of way" of the personal and farm driveways. *See*, Appellant's E.R., Tab 6, 3:4–14.

A hearing was held on December 17, 1991 on the motion to set aside order. The bankruptcy court denied the motion and this appeal timely followed.

## ISSUE PRESENTED

Whether the bankruptcy court erred in denying the motion to set aside its prior order approving the second settlement and compromise of claims.

## STANDARD OF REVIEW

■ Denial of a motion to amend judgment or order pursuant to Federal Rule of Civil Procedure 60(b) is reviewable for an abuse of discretion. *Supermarket of Homes v. San Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1410 (9th Cir.

1986), *citing, Plotkin v. Pacific Telephone and Telegraph Co.*, 688 F.2d 1291, 1292–93 (9th Cir.1982); *In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. BAP 1988).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) is applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 9024. FRCP 60(b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

Fed.R.Civ.P. 60(b).

 To the extent that the motion to amend order was brought under subsections (1) or (3) of FRCP 60(b), a one year statute of limitations applies and debtors' motion would be barred as untimely. However, to the extent that either 60(b)(4) or (6) are grounds for the debtors' motion, the one year statute does not apply and the motion need only be brought within a reasonable time.

The bankruptcy court found that the motion to amend was brought pursuant to subsections (1) [mistake, inadvertence, surprise, or excusable neglect], or (3) [fraud, misrepresentation, or other misconduct of

an adverse party]. Because the motion was not brought until four years after the order was entered, it was barred by the one year statute of limitations. We agree.

 It is well established that a motion cannot be granted under FRCP 60(b)(6) if the motion can be justified under subsections (1), (2), or (3). *See, Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 2205 n. 11, 100 L.Ed.2d 855 (1988); *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 645 (9th Cir. 1984); *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir.1981). Here, the variance in terms between the first settlement and second settlement was either due to mistake on the part of the debtors or fraud or misrepresentation on the part of the bank. The debtors had categorized the bank's actions taken pursuant to the second settlement as misrepresentation or possible fraud in pleadings submitted to the bankruptcy court. However, on appeal the debtors now assert that exceptional circumstances are present and FRCP 60(b)(6) should be applied in this situation. Such an attempt to circumvent the one year statute of limitations should not be allowed. The supreme court in *Liljeberg* stated:

> In *Klapprott v. United States*, 335 U.S. 601, 613 [69 S.Ct. 384, 389–90, 93 L.Ed. 266] (1949), we held that a party may "not avail himself of the broad 'any other reason' clause of 60(b)" if his motion is based on grounds specified in clause (1)—"mistake, inadvertence, surprise, or excusable neglect." Rather, "extraordinary circumstances" are required to bring the motion within the "other reason" language and to prevent clause (6) from being used to circumvent the 1-year limitations period that applies to clause (1).

*Liljeberg*, 486 U.S. at 863 n. 11, 108 S.Ct. at 2205 n. 11.

 Debtors further argue that the first settlement was agreed to by both parties and the only way to alter the terms of the settlement was through a Rule 60(b) motion to amend or by direct appeal of the court's prior order. Since neither action was taken in this case, the debtors con-

clude that the bankruptcy court did not have jurisdiction to approve the second settlement and the order should, therefore, be voided pursuant to FRCP 60(b)(4). The debtors' argument must fail. The second settlement was not imposed upon the debtors by unilateral action of the bankruptcy court; rather, the terms of the second settlement were agreed to by the parties and brought before the bankruptcy court for its approval. The parties to a settlement are not precluded from consenting to a modification of its terms. Likewise, the bankruptcy court is not precluded from approving of those modified terms.

The cases cited in debtors' opening brief in support of their argument that the bankruptcy court lacked jurisdiction to approve the second settlement are not applicable to the case at hand. In the cases cited by the debtors one party attempted to alter the terms of a settlement over the objection of the other party to the settlement. In such an instance, cases have found that a court is precluded, absent special circumstances, from altering the terms of the settlement as agreed to by the parties. *See e.g., In re Air Crash Disaster*, 687 F.2d 626, 629 (2nd Cir.1982). In this case, both parties agreed to the modification and it was within the court's discretion to approve of its terms.

### CONCLUSION

We conclude that the bankruptcy court exercised reasonable discretion in applying FRCP 60(b)(1) and (3). We affirm the holding of the bankruptcy court.