**In re Douglas Allen REINERTSON and Katherine Marie Reinertson, Debtors.**

**Missoula Federal Credit Union; Jolly Wholesale, Inc., Appellants,**

v.

**Douglas Allen Reinertson, Katherine Marie Reinertson, Appellees.**

**BAP No. MT–98–1674–BHaP.**

**Bankruptcy No. 97–30214–7.**

**Adversary No. 97–00062.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 21, 1999.

Decided Nov. 2, 1999.

Harold V. Dye, Dye & Moe, Missoula, MT, for appellant.

Charles J. Tornabene, Tornabene & McKenna, PLLC, Missoula, MT, for appellee.

Before BRANDT, HARGROVE [1], and PERRIS, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

The Chapter 7 trustee filed an adversary proceeding to avoid as a preference Missoula Federal Credit Union's ("MFCU") belatedly-perfected security interest in the debtors' vehicle. In a counterclaim to MFCU's third party complaint filed within that action, debtors asked the court to relieve them of their obligations under their reaffirmation agreement with MFCU. Debtors alleged they had entered into the agreement with the mistaken belief that MFCU had validly perfected its security interest. The bankruptcy court vacated its order approving the reaffirmation agreement, and this appeal followed. We REVERSE.

## FACTS

On 24 December 1996, debtors Douglas and Katherine Reinertson ("Reinertsons," "debtors") purchased a 1994 Dodge Intrepid from Jolly Wholesale, Inc. ("Jolly") for $15,495.00. Debtors granted Jolly a security interest in the vehicle, and Jolly assigned its rights and interests to MFCU. MFCU did not perfect its lien until 15 January 1997, 22 days after the Reinertsons received possession of the vehicle.

The Reinertsons filed a joint chapter 7 [2] petition on 29 January 1997. They listed the debt to MFCU on Schedule D, indicating the claim was secured by the Intrepid.

The Reinertsons agreed with MFCU to reaffirm for $11,600. The reaffirmation agreement was executed by the Reinertsons' counsel and filed with the court. LBR 4008–1 provides, in pertinent part:

> Upon the filing of a completed reaffirmation agreement, the Court will determine whether the requirements of 11 U.S.C. § 524 have been satisfied without a hearing if the debtors are represented by an attorney, and if compliance is shown, will approve the reaffirmation agreement ...

The bankruptcy court approved the reaffirmation agreement by order entered 17 March 1997, and Reinertsons made payments totaling $1,449.00 under the reaffirmation agreement. They received their discharges on 7 May 1997.

On 25 June 1997, Chapter 7 trustee Don Torgenrud ("Trustee") filed a complaint under § 547(b), seeking to avoid MFCU's interest in the automobile as a preference because of MFCU's untimely perfection. The Reinertsons retained possession of the car with the Trustee's permission, believing the Trustee had legal "possession" and that they were permitted continued use, provided they kept the vehicle properly insured. They ceased making payments. The trustee eventually sold the vehicle.

MFCU answered the Trustee's complaint and cross-claimed against the Reinertsons. The Reinertsons also answered the complaint and counterclaimed, requesting they be relieved of their obligations under the reaffirmation agreement on the theory that it was predicated upon a mistake of fact.

After trial, the bankruptcy court ruled that the creditor's security interest in the vehicle was avoidable as a preference because the interest was perfected outside

---

**1.** Honorable John J. Hargrove, Bankruptcy Judge for the Southern District of California, sitting by designation.

**2.** Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. All "Rule" references are to

the Federal Rules of Bankruptcy Procedure, "FRCP" references are to the Federal Rules of Civil Procedure, and "LBR" references are to the Local Rules of Bankruptcy Procedure for the District of Montana.

the 20–day safe harbor provided in § 547(c)(3).

The bankruptcy court also entered judgment in favor of debtors on their counterclaim:

> ... dismissing MFCU's and Jolly's actions to enforce the reaffirmation agreement between Debtors and MFCU, and providing that this Court's Order entered March 17, 1997, approving the reaffirmation agreement between the Debtors and MFCU, is vacated, approval of the reaffirmation agreement is denied, and the balance due under the agreement is void; and MFCU's and Jolly's claims against the Debtors are discharged as general unsecured claims.

*Torgenrud v. Missoula Fed. Credit Union (In re Reinertson),* 224 B.R. 137, 149 (Bankr.D.Mont.1998).

MFCU timely appealed. The only assigned error is the vacation of the approval of the reaffirmation agreement.

## ISSUE

Whether the bankruptcy court abused its discretion in vacating its order approving the reaffirmation agreement.

## STANDARD OF REVIEW

We review a bankruptcy court's ruling on a motion seeking relief from judgment and its exercise of equitable powers under § 105(a) for abuse of discretion. *Hammer v. Drago (In re Hammer),* 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991); *Wilborn v. Gallagher (In re Wilborn),* 205 B.R. 202, 206 (9th Cir. BAP 1996).

A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1991).

## DISCUSSION

MFCU argues that the bankruptcy court erred in vacating the order because:

(1)(a) rescission of reaffirmation agreements is controlled exclusively by § 524(c)(4);

(b) once § 524(c)(4)'s time period for rescission expired, state law applied, and the Reinertsons failed to rescind properly under Montana law;

(2)(a) under FRCP 60, applicable via Rule 9024, a request for relief from judgment based on mistake must be brought within one year of the date of the order; and, finally, because

(b) it improperly disregarded § 524(d) and FRCP 60 in invoking its equitable powers.

### A. *Rescission*

MFCU contends that, after a bankruptcy court approves a reaffirmation agreement, the debtor may rescind the agreement only under § 524(c)(4). That section provides that a debtor may rescind the agreement, "at any time prior to discharge or within 60 days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim." MFCU cites *In re Saunders,* 169 B.R. 192, 195 (Bankr. W.D.Mo.1994) and *In re Davis,* 106 B.R. 701, 704 (Bankr.S.D.Ala.1989) for the proposition that once the time frame for rescission under § 524(c)(4) has passed, the bankruptcy court is powerless to provide a remedy.

The Reinertsons did not attempt to give notice of rescission until 29 July 1997, after the statutory period had expired. MFCU asserts that, consequently, they were "bound by the reaffirmation agreement just as they would be bound by any other contract in a non-bankruptcy environment." *In re Grabinski,* 150 B.R. 427, 431 (Bankr.N.D.Ill.1993).

MFCU is correct that the debtors did not comply with the requirements of

§ 524(c)(4); they do not contend otherwise. However, MFCU then advances an argument inconsistent with the preceding assertion: that § 524(c)(4) "specifically and exclusively controls rescission of reaffirmation agreements," that once the rescission period expired, state law applied. MFCU urges that the Reinertsons did not comply with Mont.Code § 28–2–1713, which required them to rescind promptly and return the vehicle to MFCU. That section provides:

How rescission accomplished.

Rescission, when not effected by consent, can be accomplished only by the use on the part of the party rescinding of reasonable diligence to comply with the following rules:

(1) He must rescind promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind.

(2) He must restore to the other party everything of value which he has received from him under the contract or must offer to restore same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.

The bankruptcy court rejected the application of state law, noting that "Congress has determined an individual's right to reaffirmation of a dischargeable obligation under 11 U.S.C. § 524(c), to the exclusion of state law." *Reinertson*, 224 B.R. at 146. The court thus concluded that the Bankruptcy Code preempts Montana state law respecting rescission of reaffirmation agreements. *See id.* (citing *In re Hitt*, 137 B.R. 401, 404 (Bankr.D.Mont.1992) and *In re Walker*, 77 F.3d [322,] 323 [(9th Cir. 1996)]).

The bankruptcy court's order, and the cases cited therein, do not require the conclusion that § 524(c)(4) precludes the application of state rescission law. In our view, that section establishes a time period during which the debtor may rescind without having to show justification. The Code does not prohibit rescission under state law, and § 524(c) explicitly limits the enforceability of reaffirmation agreements "only to an extent enforceable under applicable nonbankruptcy law." We note that, while not squarely addressing the issue, other courts have allowed rescission under state law in appropriate circumstances. *See, e.g., In re Beaton*, 211 B.R. 755, 759 n. 7 (Bankr.N.D.Ala.1997) (dicta); *Mandrell v. Ford Motor Credit Co. (In re Mandrell)*, 50 B.R. 593, 596 (Bankr.M.D.Tenn.1985).

We need not decide this issue, however, as the bankruptcy court did not order rescission; we are reviewing only the vacation of its approval of the reaffirmation agreement. While vacating the order may have the same practical effect as rescission, the legal grounds justifying the two are distinct. We also decline to determine the impact of LBR 4008–1, quoted above, requiring court approval of a reaffirmation agreement regardless of whether the debtor is represented (§ 524(d) requires court approval only when the debtor is unrepresented).

## B. *Vacation of Order Approving Reaffirmation Agreement*

The bankruptcy court predicated its decision on equitable powers under § 105(a). It relied on its prior decision in *Hitt*, in which it utilized that section to vacate an order approving a reaffirmation agreement.

■ Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Despite the broad grant of equitable powers, bankruptcy courts cannot use them "to defeat clear statutory language, nor to reach results inconsistent with the statutory scheme established by the Code." *Committee of Creditors Holding Unsecured Claims v. Koch Oil Co. (In re Powerine Oil Co.)*, 59 F.3d 969, 973 (9th Cir.1995) (internal quotations and citations omitted). *See also Norwest Bank Wor-*

*thington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988).

■ Further, in *Mulvania v. United States (In re Mulvania),* 214 B.R. 1 (9th Cir. BAP 1997), citing *Gekas v. Pipin (In re Met–L–Wood Corp.),* 861 F.2d 1012 (7th Cir.1988), we held that the bankruptcy court's inherent power to reconsider orders has been merged into the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. Accordingly, final orders may be set aside only under FRCP 60(b) applicable via Rule 9024; the bankruptcy court may not use its inherent power to circumvent the limitations of those rules. *See Mulvania,* 214 B.R. at 8–9.

■ Reading *Powerine Oil* and *Mulvania* together, it is clear that neither its equitable nor inherent power permit the bankruptcy court to skirt the requirements of the rules. FRCP 60(b) governs the bankruptcy court's vacation of its order, and provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

The debtors filed their request for relief from judgment on 1 April 1998, more than one year after the order approving the reaffirmation agreement was entered. Accordingly, debtors could not obtain relief under FRCP 60(b)(1).

■ Nor could debtors turn to FRCP 60(b)(6), the rule's "catch-all" provision. This provision is unavailable when one of the preceding five subsections applies, as is the case here. *Golob v. U.S. Bank of Washington (In re Golob),* 146 B.R. 566, 569 (9th Cir. BAP 1992) (citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S.

847, 863 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).

## CONCLUSION

We express no opinion on the enforceability of the reaffirmation agreement. It is not clear why debtors would have a continuing obligation to MFCU once the security interest was avoided: even if they made the required payments, MFCU could not deliver clear title to the vehicle, its side of the bargain. *See Mandrell,* 50 B.R. at 596 (creditor's agreement to forebear enforcement of an avoidable security interest meant debtor received nothing of value for agreement to remain personally liable on the debt). Nor do we decide whether Reinertsons effectively rescinded under Montana law.

Debtors missed the one-year cutoff for seeking relief from a judgment on the grounds of mistake under FRCP 60(b)(1), and neither § 105(a) nor the bankruptcy court's inherent equitable power authorized disregard of FRCP 60. Because the bankruptcy court based its decision on an erroneous view of the law, its vacation of the order was an abuse of discretion, and must be REVERSED. Because the Reinertsons' request for relief was untimely, we need not remand.