**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS PETERSON,

  Plaintiff - Appellant,

  v.

DENNY BLAUER; UNDER-SHERIFF
DEPUTIES; GEORGE ANDERSON,

  Defendants - Appellees.

No. 10-36033

D.C. No. 4:09-cv-00021-RKS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Argued and Submitted March 6, 2012
Portland, Oregon

Before:  W. FLETCHER, FISHER and BYBEE, Circuit Judges.

  Douglas Peterson appeals the district court's denial of his postjudgment

motion for reconsideration.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

  [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not abuse its discretion by denying relief under Rule 60(b)(1). *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (reviewing denial of a Rule 60(b)(1) motion for an abuse of discretion).  A district court may correct an error of law under Rule 60(b)(1).  *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966).  The court's refusal to do so here, however, was not an abuse of discretion.  The court identified the correct legal rule and its determination that its summary judgment order did not contain a clear error of law was neither illogical, implausible nor without support in inferences that could be drawn from the record.  *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).  Given the lack of admissible evidence supporting the inference that the defendants were aware of Peterson's requests for medical care, showers and personal hygiene items, the district court plausibly concluded that the defendants were entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (holding that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party").

**AFFIRMED.**