**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-19-1174-LBG |
| BRANDON SATTLER, | Bk. No. 2:18-bk-16466-ABL |
| Debtor. | |
| BRANDON SATTLER, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| JAMES RUSSELL; GRANT WHITCHER; JULIE RUSSELL; JOSEPH CASSIDY; MARY CASSIDY; SHELLEY D. KROHN, Chapter 7 Trustee, | |
| Appellees. | |

Argued and Submitted on May 21, 2020

Filed – June 1, 2020

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable August B. Landis, Chief Bankruptcy Judge, Presiding

Appearances:  Louis J. Esbin, Esq., argued for Appellant; Talitha B. Gray Kozlowski of Garman Turner Gordon LLP argued for Appellees James Russell, Julie Russell and Grant Whitcher; Jeanette McPherson of Schwartzer & McPherson Law Firm argued for Appellee Shelley D. Krohn; Ryan Jefferson Works of McDonald Carano LLP appeared for Appellees Joseph Cassidy and Mary Cassidy.

Before: LAFFERTY, BRAND, and GAN, Bankruptcy Judges.

**INTRODUCTION**

Brandon Sattler appeals the bankruptcy court's order denying his motion to vacate orders entered in his involuntary chapter 7[1] case: a preservation order, an order denying his motion to dismiss and granting the petitioning creditors' unopposed countermotion for summary judgment, and the order for relief. The motion to vacate was filed after the expiration of the appeal periods for the subject orders, so the only authority

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

permitting relief was Civil Rule 60(b), applicable in bankruptcy via Rule 9024. On appeal, Mr. Sattler argues that extraordinary circumstances warranted relief under that rule because the bankruptcy court did not properly apply the standards under § 303 for entering an order for relief in an involuntary case. In essence, Mr. Sattler's arguments constitute an untimely challenge to the underlying orders, and he has not shown that the bankruptcy court abused its discretion in denying the motion. We therefore AFFIRM.

## FACTUAL BACKGROUND[2]

**Pre-Petition Events**

During 2016, 2017, and 2018, petitioning creditors James Russell, Julie Russell, and Grant Whitcher ("Petitioning Creditors") made several loans to Sattcom Video, LLC ("Sattcom"), a Nevada limited liability company managed by Mr. Sattler. In August of 2018, the parties entered into amended loan agreements, and Mr. Sattler, as manager of Sattcom, executed amended promissory notes reflecting three separate loans in the amounts of $4.6 million, $1.37 million, and $4.48 million, respectively. According to the respective amended loan agreements and associated promissory notes, Mr. Russell, Mr. Whitcher, and Ms. Russell each held

---

[2]Where a relevant excerpt was not supplied by the parties, we have exercised our discretion to review the bankruptcy court's docket and papers filed in the underlying bankruptcy case. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

3

undivided interests in the $4.6 million loan, Mr. Russell held a 100 percent interest in the $1.37 million loan, and Mr. Russell and Mr. Whitcher each held undivided interests in the $4.48 million loan. Each of the loans was secured by an interest in Sattcom's assets.

Mr. Sattler executed unconditional personal guarantees for the full amounts of each promissory note, all of which provided that Mr. Sattler agreed to pay all amounts due under the promissory notes upon written demand. The guarantees also provided that the lenders were not required to seek payment from any other source before demanding payment from Mr. Sattler.

Sattcom failed to make the required installment payments that came due on October 1, 2018. On October 23, 2018, Petitioning Creditors sent to Andrew Platt, counsel for Sattcom and Mr. Sattler, a written demand to pay all amounts due under the loans. Two days later, Mr. Platt responded by letter, acknowledging the default and the lender's rights under the loan documents. In that letter, Mr. Platt stated that Sattcom was unable to repay the outstanding balance or even a meaningful portion of it, and requested forbearance.

**Post-Petition Events**

On October 29, 2018, Petitioning Creditors filed an involuntary

chapter 7 petition against Mr. Sattler.[3] The petition indicated that the outstanding amounts of principal due under the loan documents were $7,570,000 to Mr. Russell, $2,780,000 to Mr. Whitcher, and $100,000 to Ms. Russell. The petition also alleged that, although the obligations were secured by Sattcom's assets, statements and documentation produced by the alleged debtors indicated that the value of those assets was substantially less than the amounts due, and that the claims of the Petitioning Creditors were unsecured in an amount not less than $15,775.

In December 2018, Appellees Joseph and Mary Cassidy joined the involuntary petition, asserting that Mr. Sattler was personally obligated to each of them in the approximate principal amounts of $3 million and $500,000, respectively, pursuant to three promissory notes that matured in the fall of 2014. They also alleged that, although the loans were secured by Mr. Sattler's personal property, the loans were undersecured by at least $15,775 and, in any event, they were waiving their respective security interests in the amount of $8,000 each.

On November 4, 2018, Petitioning Creditors filed a motion for a preservation order under § 303(f), requesting entry of an order prohibiting Mr. Sattler from transferring assets or using assets for anything other than the payment of ordinary living and/or business expenses. Petitioning

---

[3]Petitioning Creditors also filed an involuntary petition against Sattcom (Case No. 18-16467).

Creditors submitted evidence that Mr. Sattler, both pre- and post-petition, used loan proceeds not to fund and expand Sattcom's business but for his personal purposes, including gambling and purchasing luxury items as well as transferring funds and other assets to self-settled asset protection trusts and other entities he controlled. Mr. Sattler, through counsel, filed a limited opposition. He noted that Sattcom had ceased operating, so he did not oppose an order restricting his ability to access or liquidate Sattcom's assets. But he argued that the relief requested was overbroad because it applied to all of his trusts, and the freezing of trust assets would render him unable to maintain a basic standard of living. After a hearing, the court entered an order granting the motion ("Preservation Order"). The Preservation Order prohibited Mr. Sattler from disposing of any assets and required the filing and serving of a 13-week cash flow budget within seven days; it further prohibited Mr. Sattler from transferring any assets of his trusts without further court order. Mr. Sattler's proposed budget was agreed to by the Petitioning Creditors, and the bankruptcy court entered a stipulated order approving it on December 3, 2018.

That same day, Mr. Sattler filed a motion to dismiss the involuntary petition, accompanied by his declaration, arguing that the obligations to the Petitioning Creditors were disputed as to liability and amount and that Mr. Russell was the only eligible petitioning creditor such that the numerosity requirement for filing an involuntary petition was not met.

6

Petitioning Creditors filed an opposition to the motion to dismiss and a countermotion for summary judgment (the "Countermotion"), arguing that there were no disputed issues of material fact and that the evidence supported all of the requirements for the filing of an involuntary petition. The Countermotion was accompanied by a separate statement of undisputed facts and the declarations of James Russell, Grant Whitcher, and Julie Russell. The matters were set for hearing on March 1, 2019.

On January 3, 2019, Petitioning Creditors filed an emergency motion for contempt against Mr. Sattler, which also requested that an interim trustee be appointed. Petitioning Creditors alleged that Mr. Sattler had violated the Preservation Order by selling property of the estate, i.e., real property in Lake Tahoe, California.

That same day, Mr. Sattler's attorney, Marjorie A. Guymon of Goldsmith & Guymon, P.C. ("G&G"), filed a motion to authorize the firm to withdraw as counsel for Mr. Sattler, to be heard on shortened time. The basis for the motion was Mr. Sattler's willful concealment of the sale of the Lake Tahoe property. The motion stated that Ms. Guymon had advised Mr. Sattler on January 2, 2019 that her firm intended to withdraw as counsel due to his breach of the fee agreement he had signed, i.e., failure to disclose material facts to counsel. Although there is no certificate of service on the docket showing service of the motion on Mr. Sattler, the evidence in the record indicates that G&G emailed him a copy of the order shortening time

7

on the motion to withdraw on January 8, 2019.

Mr. Sattler did not oppose the motion for contempt or the withdrawal motion. Ms. Guymon, on Mr. Sattler's behalf, filed a limited response to the motion for contempt stating that Mr. Sattler agreed that the proceeds from the sale of the Lake Tahoe property should be turned over to the trust account of counsel for Petitioning Creditors and transferred to an interim trustee once appointed.

The bankruptcy court heard both motions on January 9, 2019. Mr. Sattler did not appear. John Schneringer of G&G appeared on his behalf. At that hearing, the bankruptcy court asked Mr. Schneringer whether Mr. Sattler was aware of the fact that counsel was seeking to withdraw; Mr. Schneringer answered in the affirmative. The court noted that although there were dispositive motions set for hearing on March 1, 2019, there was sufficient time for Mr. Sattler to obtain replacement counsel. The bankruptcy court granted the motion to withdraw and the motion for contempt. On January 16, 2019, Appellee Shelley D. Krohn ("Trustee") was appointed as interim trustee.

The hearing on Mr. Sattler's motion to dismiss and the Countermotion took place as scheduled on March 1, 2019. Mr. Sattler appeared pro se, and the bankruptcy court permitted him to present argument. He made no substantive arguments but stated that he could not afford replacement counsel and that Trustee had refused to permit him

8

access to the proceeds from the Lake Tahoe property. The bankruptcy court referred Mr. Sattler to the Legal Aid Center of Southern Nevada. With that, the court delivered its ruling, finding that, as a matter of law, there were no disputed issues of material fact regarding the requirements for entry of an order for relief and that Petitioning Creditors were entitled to judgment as a matter of law. On March 5, 2019, the court entered written findings and conclusions, an order denying the motion to dismiss and granting the Countermotion, and an order for relief.

On April 12, 2019 (after the expiration of the appeal period for the March 5 orders), Mr. Sattler, through newly hired counsel, filed a motion to vacate (1) the order for relief; (2) the order denying his motion to dismiss and granting the Countermotion; and (3) the Preservation Order. Mr. Sattler cited Civil Rule 59(e) (applicable via Rule 9023), Civil Rule 60(b), and the court's inherent power to reconsider its own orders. He argued: (1) the order approving G&G's motion to withdraw was entered without due process because there was no certificate of service showing Mr. Sattler was served with it; (2) the Preservation Order improperly precluded Mr. Sattler from using post-petition earnings to obtain replacement counsel; and (3) the Petitioning Creditors failed to meet their burden of demonstrating the existence of three unsecured creditors with claims not in dispute as to liability or amount. The motion was accompanied by a declaration from Mr. Sattler describing payments made to Petitioning

Creditors for which he alleged he had not been credited.

The Petitioning Creditors and Trustee each filed oppositions, and the Cassidys joined in the Petitioning Creditors' opposition. The bankruptcy court heard argument and took the matter under advisement. On July 2, 2019, the court issued a thorough and detailed oral ruling. The court indicated that it had considered virtually every pleading and declaration submitted by the parties since the inception of the involuntary case as well as the arguments presented at the hearing.

The court found that Civil Rule 59(e) was inapplicable because the motion was filed more than fourteen days after entry of the orders at issue. It also held that Mr. Sattler had not satisfied any of the predicates for relief under that rule. Next, the court noted that Civil Rule 60(b) is not a proper vehicle for asserting legal error, and in any event, Mr. Sattler had not established grounds for relief under any subsection of that rule. The court found no mistake, surprise, or excusable neglect reflected in the record before it, no newly discovered evidence that could not have been presented previously, no allegation of fraud, and no bases for finding the relevant orders void or discharged. With respect to Civil Rule 60(b)(6), any other reason justifying relief, the court found that Mr. Sattler had not established extraordinary circumstances justifying relief under that subsection:

> The simple fact is the debtor would like to revisit the Court's rulings with respect to each of the orders that I've referenced previously. The preservation order which was entered into by

agreement between the parties, the order granting Goldsmith & Guymon's motion for leave to withdraw as counsel that the debtor complains of not having been served with, but then two days later indicated after the order granting the motion to withdraw was entered that he was representing himself, with respect to the order denying the dismissal motion and granting the . . . countermotion for summary judgment. The debtor didn't file any opposition to that motion, and again, the Court finds the properly supported summary judgment motion is a legitimate basis upon which to grant relief. I see no equitable reason to hold otherwise.

Hr'g Tr. (Jul. 2, 2019) at 50:8-21.

On that basis, the court denied the motion. Mr. Sattler timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying Debtor's motion to vacate.

## STANDARD OF REVIEW

We review for abuse of discretion a bankruptcy court's denial of a motion for relief under Civil Rule 60(b). *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion

if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) ).

## DISCUSSION

### A.    Scope of Appeal

In his motion to vacate, Mr. Sattler invoked Civil Rules 59(e) and 60(b) and the court's inherent power to reconsider its own orders.[4] But relief under Civil Rule 59(e) is not available where, as here, the motion is filed after the expiration of the appeal period. *See Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996). And an appeal from a denial of a Civil Rule 60(b) motion filed outside the appeal period for the original order "brings up only the denial of the motion for review, not the merits of the underlying judgment." *Id.* (citation omitted). On appeal, Mr. Sattler challenges the court's ruling only with respect to subsections (1) and (6) of Civil Rule 60(b). Accordingly, our

---

[4]We note that the court's inherent power to reconsider its orders has been merged into the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. *Missoula Fed. Credit Union v. Reinertson (In re Reinertson)*, 241 B.R. 451, 456 (9th Cir. BAP 1999). "Accordingly, final orders may be set aside only under FRCP 60(b) applicable via Rule 9024; the bankruptcy court may not use its inherent power to circumvent the limitations of those rules." *Id.* (citing *Mulvania v. United States (In re Mulvania)*, 214 B.R. 1, 8–9 (9th Cir. BAP 1997)).

review is limited to that aspect of the bankruptcy court's ruling.

**B.     Standards for relief under Civil Rule 60(b)**

Civil Rule 60(b) permits a bankruptcy court to grant relief from a final judgment, order, or proceeding on six separate grounds, including, in pertinent part, "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief." A Civil Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c).

As discussed below, Civil Rule 60(b)(1) may be invoked to correct certain court errors. *See, e.g.*, *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). Civil Rule 60(b)(6) "applies only when the reason for granting relief is not covered by any of the other reasons set forth in [Civil] Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n.8 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002)). Civil Rule 60(b)(6) is to be liberally applied to accomplish justice. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir. 2007). At the same time, the rule

> should be used sparingly as an equitable remedy to prevent
> manifest injustice and only where extraordinary circumstances
> prevented a party from taking timely action to prevent or
> correct an erroneous judgment. Accordingly, a party who
> moves for such relief must demonstrate both injury and
> circumstances beyond his control that prevented him from
> proceeding with . . . the action in a proper fashion.

13

*Id.* (citations and internal quotations omitted).

At first glance, cases in the Ninth Circuit seem to be divided as to whether Civil Rule 60(b) may be invoked to correct a court's legal error. The bankruptcy court held that legal error does not warrant the application of Civil Rule 60(b), citing *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). But the Ninth Circuit has also held that certain errors of law **are** cognizable under Civil Rule 60(b)(1) or (6). *In re Int'l Fibercom, Inc.*, 503 F.3d at 941 (citing *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (Civil Rule 60(b)(6)); *Durga Ma*, 387 F.3d at 1024 (Civil Rule 60(b)(1)) ("The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself."); *Kingsvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999), (grounds for relief under Civil Rule 60(b)(1) can include mistake or inadvertence by the judge). *See also Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966) ("[U]nder Rule 60(b)(1) the trial judge can, within a reasonable time not exceeding the time for appeal, hold a rehearing and change his decision[.]" (citations omitted)).

A closer examination of these latter cases, however, shows that they do not necessarily conflict with *Plotkin* and that the nature of the particular legal error may determine whether Civil Rule 60(b) is available for relief from a final judgment. In most of the cited cases, the mistake or inadvertence involved the amount of a judgment rather than the merits,

i.e., a correction to an interest rate (*Durga Ma*) or a cost award (*Liberty Mutual*), or an adjustment to the principal amount of a judgment (*Kingsvision, Gila River Ranch*). Although in *Fibercom* the error involved the substance of the order, that case involved the "extraordinary circumstance" where the trial court inadvertently approved the assumption of a non-executory contract in violation of the Bankruptcy Code, and there were procedural violations that affected the outcome. In contrast, *Plotkin* is more analogous to the circumstances here: there, the Circuit held that the appellant could not invoke Civil Rule 60(b) to challenge the district court's grant of summary judgment where the appellant had made a conscious decision not to appeal the order. The court also rejected the appellant's argument that relief was warranted because the district court had committed legal error in granting summary judgment, holding that "[l]egal error does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Court of Appeals, and can usually be remedied on appeal." *Plotkin*, 688 F.2d at 1293 (citation omitted).[5]

---

[5]Trustee argues on appeal that a Civil Rule 60(b)(1) motion based on legal error is untimely if it is filed outside of the appeal period. Ninth Circuit case law seems to conflict on this point. *See Gila River Ranch*, 368 F.2d at 357; *but see Kingsvision Pay-Per-View Ltd.*, 168 F.3d at 350 (rejecting argument that motion to amend judgment filed outside the appeal period was untimely because Civil Rule 60(b)(1) "expressly provides for relief from a judgment on motion within a year after entry, based on mistake or inadvertence."). But, as discussed, the seemingly conflicting rules turn on the nature of

(continued...)

Here, although there is no evidence Mr. Sattler made a conscious decision not to appeal, he is challenging the order denying his motion to vacate with arguments that would have been appropriate in an appeal of that order, i.e., he contends that the bankruptcy court made errors in applying the standards on summary judgment and under § 303. Despite the language in some Ninth Circuit cases that mistakes of law may be remedied under Civil Rule 60(b), arguments that merely express disagreement or assert legal error without establishing any unusual circumstances that prevented a timely appeal are not sufficient to warrant relief. *See Plotkin*, 688 F.2d at 1293 ("In order to bring himself within the limited area of Rule 60(b), a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal.").

In his motion to vacate, Mr. Sattler attempted to satisfy that standard by arguing that he was deprived of due process in connection with the withdrawal of his attorney, which left him without representation to prosecute his motion to dismiss and defend the Countermotion. But on appeal, he seems to have abandoned that argument, perhaps realizing that the unrefuted evidence in the record showed that he was aware of counsel's withdrawal and of the upcoming court deadlines and hearing

---

[5](...continued)
the relief sought.

dates.

**C.** **Mr. Sattler has not shown that the bankruptcy court abused its discretion in denying his motion to vacate.**

In this appeal, Mr. Sattler argues: (1) the bankruptcy court did not properly apply the standard for granting summary judgment because there were triable issues of fact regarding whether the numerosity requirement was met and whether Petitioning Creditors' claims were subject to bona fide dispute; (2) the bankruptcy court did not properly apply the standard for granting the motion under Civil Rule 60(b) because there were extraordinary circumstances, i.e., Petitioning Creditors did not meet their burden of demonstrating that they met the requirements of § 303(b);[6] (3)

---

[6]Section 303 provides, in relevant part:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least [$15,775] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
. . . .

(c) After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section.

the bankruptcy court improperly applied § 303 in determining that Petitioning Creditors met their burden of demonstrating that they met the requirements for filing an involuntary petition; and (4) even though the Countermotion was unopposed, the bankruptcy court had an independent duty to determine that the facts and law supported its decision to grant the Countermotion.

Arguments regarding the merits of the underlying orders are not appropriate for review of a motion for relief from judgment. *See Sec. & Exch. Comm'n v. Seaboard Corp.*, 666 F.2d 414, 415-16 (9th Cir. 1982) (noting that, because an appeal from denial of Civil Rule 60(b) relief does not bring up the underlying judgment for review, appellant's arguments are to be evaluated "solely as they bear on the district court's exercise of discretion on the Rule 60(b) motion. . . . [Appellant] cannot prevail merely by showing that the [underlying] judgment . . . was erroneous.").

We could affirm on this basis alone. In any event, the record does not reflect that the bankruptcy court abused its discretion in denying the motion to vacate, even assuming the asserted legal errors were the proper subject of a Civil Rule 60(b) motion.

To begin with, as the court noted, the Preservation Order was entered by agreement when Mr. Sattler was represented by counsel, and his proposed budget was agreed to by all parties and approved by the court. There was thus no basis to vacate that order. As for the motion to dismiss

18

and Countermotion, the bankruptcy court found that it had properly granted an unopposed and properly supported motion for summary judgment, and that Mr. Sattler's attempts to raise new issues and arguments in the motion to vacate were too late.

Our independent review of the record supports the bankruptcy court's conclusion that it did not err in denying the motion to dismiss and granting the Countermotion. Mr. Sattler had argued in his motion to dismiss that only Mr. Russell had signed the promissory notes, which he asserted created bona fide questions as to the amount of the obligations under the notes and whether the personal guarantees could be enforced by Ms. Russell and Mr. Whitcher. He submitted with that motion a declaration and copies of the relevant loan agreements and notes. That was the sum total of argument and evidence submitted by Mr. Sattler in connection with the motion to dismiss and Countermotion; and it was easily disposed of by examining the notes that were executed by Mr. Sattler on behalf of Sattcom, which is all that was required for the notes to be enforceable under Nevada law.

Petitioning Creditors filed with their opposition and Countermotion several declarations and a separate statement of undisputed facts, along with copies of the loan documentation and other documentary evidence. To reiterate, Mr. Sattler did not file an opposition or submit any evidence to refute the facts set forth in the Petitioning Creditors' declarations. Based on

the evidence before it, including the loan agreements, promissory notes, personal guarantees, emails, and tax forms, the bankruptcy court rejected Mr. Sattler's assertion that there was only one petitioning creditor. Additionally, the bankruptcy court found that the undisputed evidence established Mr. Sattler was generally not paying his debts as they came due, the loan documents and guarantees were valid and enforceable and not subject to a bona fide dispute as to liability or amount, and that the numerosity requirement was satisfied because, even if Mr. Russell were the only qualified petitioning creditor, the joinder of the Cassidys in the petition brought the number of petitioning creditors to three. Although the court did not explicitly articulate its basis for determining that the relevant debts were unsecured by at least $15,775, Petitioning Creditors had so asserted in the petition, which was signed under penalty of perjury, and Mr. Sattler did not dispute that point in his motion to dismiss or otherwise provide any evidence to the contrary.[7] Mr. Sattler argues on appeal that the bankruptcy court had an independent obligation to ensure that the requirements of § 303 were met. The record reflects that this is exactly what it did.

On appeal, Mr. Sattler complains that the bankruptcy court did not

---

[7]The schedules filed in the Sattcom bankruptcy show that as of the petition date Sattcom had personal property assets worth $368,000, including cashier's checks totaling $250,000 listed with the notation "As of Oct 29, 2018 - subsequently gambled away."

take into account that there was no evidence he was given notice of the seven-day cure period so that his liability under the guarantees was not triggered. He also argues that the Cassidys count only as a single creditor because they are husband and wife. These arguments were not presented to the court in connection with the motion to dismiss or Countermotion. In any event, Petitioning Creditors submitted evidence that Mr. Sattler was notified of the default in the manner required under the pertinent documents, and Mr. and Ms. Cassidy submitted copies of promissory notes showing that they had each separately loaned funds to Mr. Sattler. He has provided no authority that they must be treated as one creditor under those circumstances.[8]

## CONCLUSION

For the reasons explained above, Mr. Sattler has not shown that the bankruptcy court abused its discretion in denying his motion to vacate. Accordingly, we AFFIRM.

---

[8]The case he cites, *Huszti v. Huszti*, 451 B.R. 717 (E.D. Mich. 2011), holds that a married couple and an LLC that jointly held a consent judgment that could only be enforced jointly under Michigan law had to be counted as one creditor for purposes of § 303(b)(1). In contrast, the notes payable to the Cassidys include two notes payable to Mr. Cassidy and one payable to Ms. Cassidy.