Al K. PLOTKIN, et al., Plaintiffs, and
Gerald Kilgore, Individually and dba JK
Sports Journal, Plaintiff-Appellant,

v.

PACIFIC TELEPHONE AND TELE-
GRAPH COMPANY, a corporation,
Defendant-Appellee.

No. 81–5872.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1982.

Decided Sept. 29, 1982.

Rehearing Denied Jan. 24, 1983.

James Edward Green, Encino, Cal., for plaintiff-appellant.

Eugene Topel, Los Angeles, Cal., for defendant-appellee.

Before ELY, NORRIS, Circuit Judges, and GILLIAM,[*] District Judge.

GILLIAM, District Judge:

Gerald Kilgore is the sole appellant from an action originally brought by several parties against appellee, Pacific Telephone and Telegraph Company, under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. This case presents an appeal from an order of the district court denying Kilgore's motion to vacate made pursuant to Fed. R. Civ. P. 60(b).[1]

██ This court has jurisdiction to hear this appeal as an order denying a motion to vacate judgment is appealable as a final judgment under 28 U.S.C. § 1291. *Russell v. Cunningham,* 279 F.2d 797, 804 (9th Cir. 1960).

The order of the district court is affirmed.

## I BACKGROUND

A review of the series of events which led up to the motion to vacate is in order. Initially, the district court denied a preliminary injunction requested by the plaintiffs, holding that they had failed to exhaust their available administrative remedies which deprived the court of subject matter jurisdiction. That ruling was appealed to this court. While the appeal was pending, the district court granted Pacific Telephone's motion for summary judgment, holding once again that Kilgore had failed to exhaust his administrative remedies which again deprived the court of subject matter jurisdiction. The district court discussed the merits of the case and concluded that even if the plaintiffs were not required to exhaust their administrative remedies, they would not be entitled to the relief sought, and stated the reason therefor.

No appeal was taken from the order granting summary judgment to Pacific Telephone and the time for appeal of that order expired on June 7, 1980. On June 9, 1980, two days after the expiration of time for appealing the entry of summary judgment, this court handed down its decision in the plaintiffs' appeal from the denial of injunctive relief. In that decision, this court held that exhaustion of administrative remedies was not required and remanded the cause to the district court for further proceedings. 624 F.2d 193.

Kilgore then moved the district court for an order vacating the order granting summary judgment for Pacific Telephone. The district court denied the motion, holding that the motion was not timely and that Kilgore's voluntary decision not to appeal from the entry of summary judgment precluded relief by way of Fed. R. Civ. P. 60(b). Kilgore appealed.

## II DISCUSSION

██ The decision of the District Court to grant or deny a motion to vacate judgment is reviewed under the "abuse of discretion" standard. *United States v. Russell,* 578 F.2d 806, 807 (9th Cir. 1978); *Savarese v. Edrick Transfer & Storage, Inc.,* 513 F.2d 140, 146 (9th Cir. 1975). This court is thus called upon to decide whether the district

* Honorable Earl B. Gilliam, United States District Judge, Southern District of California, sitting by designation.

1. Fed. R. Civ. P. 60(b) provides:
 "On motion ... the court may relieve a party from a final judgment, order or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time ..."

court judge abused his discretion in refusing to set aside his order entering summary judgment for Pacific Telephone. It is not enough to show that a grant of the motion might have been permissible or warranted; rather the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion. *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977). We find that such discretion was not abused and the district court judge did not err in denying the motion to vacate.

■ As stated above, the district court judge denied the motion to vacate because the motion was not timely and Kilgore made a voluntary, conscious election not to appeal the summary judgment order. Even if the motion to vacate were timely;[2] calculated, deliberate choices are not to be relieved from under Fed. R. Civ. P. 60(b). *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950).

■ Allowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments. Litigants unsuccessful at trial could forego available appeals and, should subsequent decisions in other cases render their positions viable, they could move to have adverse judgments vacated. The uncertainty resulting from such a rule would be unacceptable.

■ In order to bring himself within the limited area of Rule 60(b), a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal.

2. We recognize that there was a question of whether the motion to vacate was made within a "reasonable time" as required by Rule 60(b). The motion in the present case was made 48 days after the order granting summary judgment was entered and 18 days after the expiration of time for appeal of that order. The district court apparently felt that the motion was not timely because it was filed after the expiration of time for appeal. We agree that Kilgore did not comply with the reasonable time requirement.

*Martella v. Marine Cooks & Stewards Union, et al.,* 448 F.2d 729, 730 (9th Cir. 1971). Kilgore admits he made a conscious and deliberate decision not to appeal from the entry of summary judgment as prescribed by Fed. R. App. P. 4(a)[3], thus the exceptional circumstances necessary are not present in this case to bring Kilgore within Rule 60(b).

■ Kilgore additionally argues that a subsequent decision of this court indicated that the grounds upon which the summary judgment rested were erroneous. Legal error does not by itself warrant the application of Rule 60(b). The correction of legal errors committed by the district courts is the function of the Court of Appeals, and can usually be remedied on appeal. *Martinez-McBean v. Government of Virgin Islands,* 562 F.2d 908, 912 (3rd Cir. 1977).

■ Finally, Kilgore contends that the District Court was without power to enter summary judgment during the pendency of Kilgore's appeal from the interlocutory order denying injunctive relief. This contention is without merit. We hold that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. *Phelan v. Taitano,* 233 F.2d 117, 119 (9th Cir. 1956). *Ex parte National Enameling & Stamping Co.,* 201 U.S. 156, 162, 26 S.Ct. 404, 406, 50 L.Ed. 707 (1906); 9 J. Moore, *Moore's Federal Practice* ¶ 203.11 (2d ed. 1981).

The judgment of the district court is affirmed.

3. Fed. R. Civ. P. 4(a) provides:

"(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from ..."