972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William C. JARVIS, Plaintiff-Appellee,
v.
Jozsef GYORE, Defendant-Appellant.
 No. 91-55492.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jozsef Gyore appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for relief from judgment. Gyore contends that the district court's January 25, 1991 judgment against him should be vacated because of (1) newly discovered evidence, (2) evidence of fraud in the district court proceedings, (3) the fact that he was never served with a first amended complaint, and (4) various other procedural irregularities. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. Redfield v. Insurance Co. of N. America, 940 F.2d 542, 544 (9th Cir.1991). We affirm.
 
 
 3
 Under Rule 60(b), the district court may relieve a party from a final judgment on the basis of any of several enumerated reasons, including, "mistake," "newly discovered evidence," "fraud," and "any other reason justifying relief." Fed.R.Civ.P. 60(b)(1-3) & (6).
 
 
 4
 A motion filed pursuant to Rule 60(b)(2) & (3) for relief from judgment due to fraud or newly discovered evidence must be brought within a reasonable time but not longer than one year after the judgment is entered. Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981). A motion filed pursuant to Rule 60(b)(6) ("any other reason justifying relief") must be brought within a reasonable time. In re Pacific Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir.1989). A party who files a Rule 60(b) motion after the time for the appeal has run, however, must establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal. Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir.1982).
 
 
 5
 Here, according to the docket sheet, final judgment was entered on January 25, 1989. Gyore filed his 60(b) motion on February 15, 1991, more than two years after entry of judgment. Gyore is therefore precluded from seeking to vacate the judgment based on either fraud or newly discovered evidence under Rule 60(b)(2) & (3) (both subdivisions require that a motion for relief be filed within one year of entry of judgment).
 
 
 6
 Under Rule 60(b)(6), Gyore can move to vacate the judgment as void or for other extraordinary reasons "within a reasonable time." Fed.R.Civ.P. 60(b)(6). What constitutes a reasonable time "depends on the reason for failing to act sooner and whether the nonmoving party has been prejudiced by the delay." In Re Pacific Far East Lines, Inc., 889 F.2d at 249. Here, Gyore fails to offer "extraordinary reasons" for his two year delay in challenging the district court's 1989 judgment. See Rule 60(b)(6). In the absence of an acceptable justification for a delay of this length, the district court did not abuse its discretion by denying the motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Gyore's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3