110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrea QUINTERO, a minor, by her Guardian ad Litem, Joseph
QUINTERO; Joseph Quintero; Evelyn Quintero,
Plaintiffs-Appellants,
v.
Uma BEDI, M.D.; Marcia Villalobos, M.D., Defendants-Appellees.
 No. 95-17386.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided March 28, 1997.
 
 Before: HUG, Chief Judge; THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andrea Quintero, a ten-year old girl, sued Doctors Bedi and Villalobos, physicians employed at California's Napa State Hospital. In this lawsuit filed under 42 U.S.C. § 1983, Quintero alleged that Doctors Bedi and Villalobos, acting under color of state law, violated her rights under the Fourteenth, Eighth, and Fourth Amendments of the United States Constitution. The district court entered summary judgment in favor of Doctors Bedi and Villalobos, and this appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 
 3
 "Section 1983 imposes two essential requirements upon a claimant [like Quintero] ... (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right ... protected by the constitution." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir.1988). The parties do not dispute that Doctor Bedi acted under color of state law. The record is also clear that Dr. Villalobos did not participate in any act relevant to Quintero's claims. The appeal, therefore, turns on whether Dr. Bedi's conduct deprived Quintero of a right protected by the Constitution. See West v. Atkins, 487 U.S. 42, 48 (1988).
 
 A. The Fourteenth Amendment
 
 4
 Quintero argues that Dr. Bedi violated her Fourteenth Amendment right to safety by giving her a gynecological examination. In order to prevail on this claim, Quintero must establish that Dr. Bedi is not a qualified professional entitled to deference in her decision making, and that she exercised no professional judgment in examining Quintero. Youngberg v. Romeo, 457 U.S. 307, 324 (1982).
 
 
 5
 Dr. Bedi's decision to give Quintero a gynecological examination would only result in liability under section 1983 if she acted with deliberate indifference. See Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir.1989), cert. denied, 498 U.S. 938 (1990); Youngberg, 457 U.S. at 323 (imposing liability when the decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment).
 
 
 6
 There is no genuine issue of material fact as to whether Dr. Bedi is a qualified professional. See Youngberg, 457 U.S. at 327. Dr. Bedi qualified herself as a professional by stating in her declaration that she is a physician of obstetrics and gynecological medicine employed by Napa State Hospital. See Houghton v. South, 965 F.2d 1532 (9th Cir.1992). Dr. Bedi also exercised professional judgment when she decided to perform a gynecological examination of Quintero.
 
 
 7
 Quintero argues, however, that Dr. Bedi acted with deliberate indifference in violation of Quintero's rights under the Fourteenth Amendment because she failed to follow the hospital's policy guidelines, guidelines which Dr. Bedi herself wrote. These guidelines state that gynecological examinations may be performed on prepubescent females when they are symptomatic for veneral disease.
 
 
 8
 The guidelines do not say when a gynecological examination of a prepubescent female may not be performed. Here, Quintero had a history of undressing around males. Dr. Bedi, in her professional judgment, determined she should give Quintero a gynecological examination. This decision was one committed to her professional judgment. Moreover, as the district court observed, she only examined Quintero after checking Quintero's medical file and finding the parental consent form authorizing examinations.
 
 
 9
 Quintero failed to come forward with facts to create a genuine issue of material fact on the question whether Dr. Bedi treated her with deliberate indifference. Accordingly, we affirm the district court's summary judgment on Quintero's Fourteenth Amendment claim.
 
 B. The Fourth Amendment
 
 10
 Quintero next contends that by examining her, Dr. Bedi violated her right to be free from unreasonable searches and seizures under the Fourth Amendment. We disagree.
 
 
 11
 We determine whether the examination was a reasonable search by weighing the privacy interests of Quintero against the government's interest in the search. See Vernonia Sch. Dist. 47J v. Acton, 115 S.Ct. 2386, 2391 (1995). While Quintero has a recognized expectation of privacy in not being subjected to a medical examination, her expectation may be diminished, although not extinguished. Yin v. California, 95 F.3d 864 (9th Cir.1996), cert. denied, No. 96-929, 1996 65 USWL 3566 (U.S. Feb. 18, 1997).
 
 
 12
 Quintero's legitimate expectation of privacy was diminished here. Her parents placed her in the State's care when they admitted her to Napa State Hospital. When she was admitted, Quintero's mother signed a consent form authorizing medical examinations.
 
 
 13
 California has a legitimate interest in the health and safety of its hospital patients. See Youngberg, 457 U.S. at 316 (citing to Richardson v. Belcher, 404 U.S. 78, 83-84 (1971)). The State of California, therefore, had an interest in the gynecological exam to ensure Quintero's health.
 
 
 14
 This legitimate state interest outweighed Quintero's reduced expectation of privacy. We conclude the district court properly granted summary judgment against Quintero on her Fourth Amendment claim.
 
 C. The Eighth Amendment
 
 15
 Quintero contends that, by performing the gynecological examination, Dr. Bedi violated Quintero's Eighth Amendment right to be free from cruel and unusual punishment. Again, we disagree.
 
 
 16
 We have previously held that the Eighth Amendment applies only to convicted prisoners, and not to patients like Quintero. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). We therefore affirm the district court's grant of summary judgment on Quintero's Eighth Amendment claim.
 
 D. Rule 60(b) Motion
 
 17
 Quintero also appeals what she asserts to have been the district court's denial of her Rule 60(b) motion for relief from judgment.
 
 
 18
 Assuming Quintero filed a Rule 60(b) motion, and the district court denied it, circumstances which are not entirely clear from the record, Quintero's notice of appeal does not include an appeal from the denial of any Rule 60(b) motion. Accordingly, we lack jurisdiction to consider whether the district court erred in denying such a motion. See Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir.1982); Intel Corp. v. Terabyte Int'l Inc., 6 F.3d 614, 617-618 (9th Cir.1993).
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3