# United States Court of Appeals

## For the First Circuit

No. 06-2220

UNITED STATES OF AMERICA,

Appellee,

v.

NORAIDA BELTRÁN,

Defendant, Appellant.

_____

No. 06-2221

UNITED STATES OF AMERICA,

Appellee,

v.

NELSON ACEVEDO-CRUZ,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Dyk,* Circuit Judges.

*Of the Federal Circuit, sitting by designation.

Julio C. Alejandro-Serrano with whom Nicolás Nogueras-Cartagena and Nicolás Nogueras Law Offices were on brief for appellants.

Mariana E. Bauzá-Almonte, Assistant United States Attorney, with whom Rosa Emilia Rodríquez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, were on consolidated brief for appellee.

---

September 14, 2007

---

**BOUDIN**, **Chief Judge**.  On November 4, 2004, Nelson Acevedo-Cruz and his wife Noraida Beltran were indicted on multiple counts of conspiracy to infringe copyright, 18 U.S.C. § 371 (2000), 17 U.S.C. § 506(a)(1) (2000), and 18 U.S.C. § 2319(b)(1); trafficking in counterfeit labels, 18 U.S.C. § 2318; and trafficking in counterfeit goods or services, id. § 2320.  Eight days later, federal agents searched several video stores owned by Acevedo as well as Acevedo and Beltran's residence and seized unauthorized copies of movies and equipment for reproducing DVDs and VHS tapes.

Following a twelve-day trial in November 2005, a jury found Acevedo and Beltran guilty on all charged counts.  Acevedo and Beltran were sentenced to 48 months and 36 months in prison, respectively.  The court imposed forfeiture and restitution pursuant to a stipulation made by the parties.  Defendants filed a timely appeal.

In this court, Acevedo and Beltran challenge the sufficiency of the evidence against them.  We review the sufficiency of the evidence de novo, "affirming the conviction if, after viewing all the evidence in the light most favorable to the government and indulging all reasonable inferences in the government's favor, a rational factfinder could conclude that the prosecution proved all elements of the crime beyond a reasonable

-3-

doubt."  United States v. Garcia-Carrasquillo, 483 F.3d 124, 129-30 (1st Cir. 2007).

The evidence of the offenses, apart from intent, was overwhelming.  The defendants operated five video stores for renting and selling DVDs and videos.  The seized evidence and employee testimony showed that their stores rented and sold copied motion pictures, that the equipment for copying on a large scale was located in a cellar next door to defendants' residence, and that--by Acevedo's own admission--he and his wife copied and distributed the motion pictures.

Defendants contend that they did not know that they were making unauthorized copies of movies, but the government presented evidence of an earlier permanent injunction entered against Acevedo barring him from reproducing copyrighted movies.[1]  There was evidence that Acevedo's cousin, Jose Valle Acevedo, a police officer in Puerto Rico, informed Acevedo and Beltran that their infringing activities were illegal.

As if more were needed, films reproduced by Acevedo and Beltran contained FBI copyright warnings both on the film and on the DVD and VHS cases.  And there was evidence that the films

---

[1]The permanent injunction barred Acevedo from "further infringing plaintiffs' copyrights in subject motion pictures or any other motion picture copyrighted by plaintiffs; by manufacturing, copying, or duplicating; or by unlawfully importing, selling, marketing, leasing, distributing or otherwise disposing of any videocassette copies of motion picture copyrighted by plaintiffs."

reproduced and distributed by Acevedo and Beltran included movies that were still playing in the theaters and had not yet been released on videotape. In short, the evidence against Acevedo and Beltran was more than sufficient to establish willful infringement.

Defendants also say that the government failed to offer in evidence the certificates of copyright registration; this, defendants argue, robs the court of subject matter jurisdiction under 17 U.S.C. § 411. La Resolana Architects, P.A. v. Clay Realtors Angel Fire, 416 F.3d 1195, 1200-01 (10th Cir. 2005). Section 411 appears to govern only civil infringement suits and in any event, defendants stipulated to the certificates of registration.

Defendants also say that much of the evidence was unlawfully seized, but the briefs contain no seriously developed arguments: they simply assert that the warrants were not supported by probable cause and that they were not sufficiently limited in scope, and they refer us to "the language of our prior motion challenging the validity of said warrants and their execution." Arguments presented in this fashion are not preserved. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 43 (1st Cir. 1998).

As it happens, it appears that the warrants were based on ample information establishing probable cause, including affidavits that included information provided by a confidential witness

familiar with Acevedo and Beltran's piracy operations and by an undercover FBI agent who purchased pirated movies from shop premises identified in the warrants. The warrants also appear to describe with particularity the places to be searched and items to be seized.

Finally, defendants challenge their sentences. Using the 2004 edition of the guidelines,[2] the court assigned a base level of eight for infringement, U.S.S.G. § 2B5.3(a), added two levels because the "offense involv[ed] the manufacture . . . of infringing items," id. § 2B5.3(b)(3), ten levels because the loss due to the crimes exceeded $120,000, id. §§ 2B5.3(b)(1), 2B1.1(b)(1)(F), adjustments for role in the offense,[3] and a two level enhancement under section 3C1.1 for Acevedo for obstructing or impeding the administration of justice.

The resulting guideline ranges were 63-78 months for Acevedo and 41-51 months for his wife. Both defendants were then sentenced, as already noted, to prison terms well under the guideline minimum. Nevertheless, in certain cases, a sentence that

---

[2]The 2004 guidelines were the version in effect at the time of the crime and were used because the edition in effect at the time of sentencing would have yielded a stiffer guidelines sentence. See United States v. Cruzado-Laureano, 404 F.3d 470, 488 (1st Cir.), cert. denied, 546 U.S. 1009 (2005).

[3]Specifically, a four level enhancement for Acevedo under section 3B1.1(a) for leading or organizing a criminal activity involving five or more participants and a two level enhancement for Beltran under section 3B1.1(c) for being a manager or supervisor of criminal activity.

begins with the guidelines could be jeopardized if the guideline range was overstated.  In this instance, none of the suggested errors is real.

Defendants say that the enhancement for manufacturing is double counting.  Double counting is not automatically forbidden, United States v. O'Brien, 435 F.3d 36, 42 & n.3 (1st Cir. 2006), but here there was none.  The guidelines give a base level for the generic offense of copyright infringement with adjustments for aggravating activities including manufacturing. U.S.S.G. § 2B5.3(a), (b)(3).  As not all infringement involves manufacturing, there is no double counting.

Defendants next challenge the loss calculation, but they stipulated to the loss calculation at sentencing. United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001).  The role in offense enhancements were fully supported by evidence.  Similarly, Acevedo's enhancement for obstructing justice was based on his perjury at trial in denying knowledge that his actions were unlawful, a denial contradicted by evidence we have already described.

Other arguments are made in the defendants' briefs, addressed to various trial or sentencing errors.  These claims include matters raised only by cross reference to district court filings, inadequately developed or controlled by existing circuit

precedent.  All such claims have been considered but do not require separate discussion.

Affirmed.