

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1030-TaLS |
| SHARON MARY ADAMS, | Bk. No. 8:13-bk-20139-CB |
| Debtor. | |
| DAVID BRENT ADAMS, | |
| Appellant, | |
| v. | MEMORANDUM* |
| GARY ZIEBARTH; PAMELA ZIEBARTH; WENETA M.A. KOSMALA, Chapter 7 Trustee, | |
| Appellees. | |

Argued and Submitted on October 24, 2019
at Pasadena, California

Filed – November 26, 2019

Appeal from the United States Bankruptcy Court

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

---

Appearances:    Fritz J. Firman argued for appellant; David Bruce
Dimitruk argued for appellees Gary and Pamela Ziebarth;
Erin P. Moriarty of Law Offices of Weneta M.A. Kosmala
argued for appellee Weneta M.A. Kosmala, Chapter 7
Trustee.

---

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Sharon Adams filed a chapter 7[1] petition in 2013. Her Trustee sought to sell the estate's interest—whatever it was—in real property titled in the name of her non-filing husband, Brent Adams. Initially, Debtor and Mr. Adams opposed, and the bankruptcy court concluded that Mr. Adams should have been afforded an opportunity to exercise his § 363(i) rights; it continued the hearing on the sale.

But before the hearing, Debtor withdrew her opposition, and Mr. Adams advised the Trustee that he did not have funds to match the bid under § 363(i). The Trustee then sold the Property to the only qualified

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Civil Procedure.

bidders, Gary and Pamela Ziebarth.

Shortly thereafter, the bankruptcy court entered an order approving the sale and noting that Mr. Adams waived his § 363(i) rights. A day later, Mr. Adams filed a notice of his renewed intent to exercise his § 363(i) rights, but he did not appeal from the sale approval order. Instead, several months later, he filed a Rule 60(b)(1) motion and alleged that the sale order erroneously determined his § 363(i) rights waiver. The bankruptcy court denied the motion, and Mr. Adams appeals.

On review, we conclude that the bankruptcy court did not abuse its discretion in denying the motion—Mr. Adams knew about the alleged infirmity in the sale order at its entry, indeed, he caused it; and he neither appealed nor sought reconsideration nor amendment before the appeal period expired. This type of alleged mistake does not justify Rule 60(b)(1) relief. Accordingly, we AFFIRM.

## FACTS

Sharon Adams filed a chapter 7 petition, and her Trustee moved to sell the estate's interest (if any, no more and no less, and on an "as is, where is" basis) in real property in Costa Mesa, California (the "Property").

As for *what* the estate was selling, the Trustee was uncertain. When Mr. Adams acquired title to the Property, Debtor concurrently quitclaimed any interest she held to him as his separate property. Later, the parties held the Property as joint tenants to facilitate financing, but Debtor promptly

3

transferred her interest back to Mr. Adams by way of a recorded interspousal transfer grant deed. Title thereafter remained in Mr. Adams' name for the approximately nine years preceding the bankruptcy. So, Debtor did not have any record interest in the Property when she filed her chapter 7 case, and the Trustee was not prepared to warrant that the Debtor had any other interest therein. But this lack of clarity did not deter the Ziebarths.

Prepetition and in 2007, Mr. Adams sought to improve the Property; Bank of America was willing to loan funds only if Debtor and the Ziebarths co-signed. So Debtor, Mr. Adams, and the Ziebarths obtained a $600,000 line of credit to build a new unit. Mr. Adams allegedly withdrew funds but never built the new unit; this left the Ziebarths with no option except to pay off the Bank of America loan to protect their credit. They then filed a state court action against Debtor and Mr. Adams, asserting breach of contract, fraud, and related causes of action.

After the state court trial commenced, Debtor and Mr. Adams filed bankruptcy petitions that were subsequently dismissed. Trial was reset but again stayed by Debtor's filing of the present bankruptcy petition. After stay relief, the parties returned to the state court and judgment was eventually entered in the Ziebarths' favor against both Debtor and Mr. Adams on the breach of contract claim and against Mr. Adams only based on breach of fiduciary duty. The bankruptcy court later found in

4

Debtor's favor in the Ziebarth's adversary proceeding seeking § 523 and § 727 relief.

The Ziebarths apparently saw an advantage in purchasing the Debtor's amorphous and unspecific interest in the Property. Eventually, the Trustee agreed to a sale at $10,000, subject to overbid, and the Ziebarths deposited the purchase price. Debtor then opposed and asked for more specificity about what the estate was selling.

We lack a transcript of the initial sale hearing, but both Debtor and the Trustee state that the bankruptcy court concluded that the interest being sold was a community property interest and that Mr. Adams should have proper notice and a chance to exercise his § 363(i) rights.

About a week before the continued hearing, Debtor withdrew her opposition and said that neither she nor Mr. Adams intended to appear at the hearing.

At the final sale hearing, Debtor's counsel (who also represented Mr. Adams), although not making a formal appearance, noted that he was on the phone for a different matter on the calendar in that case. The Trustee's counsel then confirmed that Debtor's opposition was withdrawn and said, based on communication from his attorney, that Mr. Adams had decided not to exercise his § 363(i) right of first refusal. The bankruptcy court, thus, approved sale to the Ziebarths at the hearing.

The Trustee lodged an order granting the unopposed motion and

authorizing sale to the Ziebarths. The next day the bankruptcy court modified and entered an order granting the motion (the "Sale Order"). It read:

> The Court having read and considered the Motion, heard the statements of counsel, noted:
> (1.) The receipt of a qualified offer;
> (2.) Debtor's non-filing spouse, David Brent Adams, declined to exercise any right of first refusal;
> (3.) The withdrawal of the opposition filed by Debtor;
> and with good cause shown,
> IT IS ORDERED:
> 1. The Motion is granted.
> 2. Trustee is authorized to sell the Estate's interest (if any) in the real property to Gary and Pamela Ziebarth for the "reserve" price of $10,000.

August 9, 2018 Sale Order.

One day later, Mr. Adams filed a notice of his intent to exercise his § 363(i) rights and purchase the Property for $10,000. In the notice, he asserted that the statement in the Sale Order that Mr. Adams declined to exercise his right of first refusal was inaccurate. Mr. Adams apparently tendered $10,000 to the Trustee four days later.

The Ziebarths then filed an adversary proceeding against Debtor, Mr. Adams, and the Trustee seeking an order compelling the Trustee to conclude the sale. Mr. Adams and Debtor filed motions to dismiss. At a November 27, 2018 status conference and hearing on the motions to dismiss, the bankruptcy court expressed its surprise at the existence of the

6

adversary proceeding, given the Sale Order's finality.

Approximately four months after entry of the Sale Order, Mr. Adams, through new counsel, filed a motion to correct the sale order. Mr. Adams argued that he did not waive his right of first refusal but instead timely exercised it; he asserted that Rule 60(b)(1) applied.

The Ziebarths opposed the motion to correct the sale order; they also requested a judgment in the adversary proceeding by ex parte application. The Trustee opposed both motions.

After a hearing, the bankruptcy court denied the Ziebarths' ex parte application. That same day, it denied Mr. Adams' motion to correct the Sale Order:

> The Court having read and considered the Motion and the opposition, heard the statements of counsel, and with good cause shown, noted the following:
> 1.     The August 9, 2018 Sale Order was a final order that was not appealed.
> 2.     David Brent Adams failed to carry his burden of proof for entitlement to a right under 11 U.S.C. section 363(i) or relief under Federal Rules of Bankruptcy Procedure rule 60(a) or 60(b).
> IT IS ORDERED:
> 1.     The Motion is denied.

January 28, 2019 Order Denying David Brent Adams' Motion To Correct Order for Sale of Alleged Community Property Interest Rule 60(a) Or to Be Relieved From Order Under Rule 60(b).

Mr. Adams timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion when it denied Mr. Adams' reconsideration motion?

## STANDARD OF REVIEW

We review for an abuse of discretion a bankruptcy court's decision to grant or deny a reconsideration motion. *Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner)*, 161 F.3d 1216, 1217 (9th Cir. 1998); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

To start, the Ziebarths argue that § 363(m) prevents Mr. Adams from obtaining appellate relief because he did not obtain a stay pending appeal and because the deed was recorded. But the bankruptcy court did not make

a § 363(m) finding, and it does not apply. We consider the merits.

The parties argue as if this were a § 363(i) appeal. It is not. Mr. Adams sought relief under Rule 60(b)(1), applied in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, from the bankruptcy court's decision that he waived his § 363(i) rights.[2] The bankruptcy court's stated basis for denial of the reconsideration motion was the finality and nonappealability of the Sale Order. And we acknowledge that finality of an order is ordinarily not cause to deny a Rule 60 motion because, by definition, it is a motion seeking relief from a final judgment—Rule 60(b)(1) allows a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Nonetheless, the record adequately supports affirmance.

A Rule 60(b)(1) motion must be made "within a reasonable time" and no later than a year after entry of the order. Fed. R. Civ. P. 60(c). The bankruptcy court emphasized, however, that Mr. Adams had not appealed the Sale Order. We interpret this as the bankruptcy court concluding that Mr. Adams had not acted within a reasonable time. We agree.

What counts as a "reasonable time" depends on the facts of the case. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d

---

[2] In the motion, Mr. Adams referred to Rule 60(a); but he never argued any Rule 60(a) grounds to the bankruptcy court, nor does he do so on appeal.

933, 945 (9th Cir. 2007). Those relevant facts "may include the length and circumstances of the delay and the possibility of prejudice to the opposing party." *Id.* So Rule 60(b) relief should "only be granted where the moving party is able to demonstrate that circumstances beyond its control prevented timely action to protect its interests." *Id.* (internal quotation marks omitted)*; Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) ("What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

Here, Mr. Adams did not seek relief within a reasonable time. He argues that the Sale Order was incorrect because he did not intend to waive his § 363(i) rights but rather simply withdrew his opposition. But the record makes clear that Mr. Adams, through his counsel's communications to the Trustee and silence at the hearing, caused the alleged mistake. He also knew about this alleged deficiency in the Sale Order within at least a day of its entry. Mr. Adams could have appealed the Sale Order or sought modification and, thus, there is no evidence that circumstances beyond his control prevented him from taking timely action to protect his interests. Instead, he made a "conscious election not to appeal" the Sale Order. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

10

"[C]alculated, deliberate choices are not to be relieved from under Fed. R. Civ. P. 60(b)." *Id.* (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

Put differently, to the extent that Mr. Adams made a litigation decision (i.e., he and Debtor chose to withdraw opposition to the sale motion, tell the Trustee he lacked funds to bid at the hearing, not appear at the hearing, and only then, post-hearing, notify the Trustee and bankruptcy court that he intended to exercise his § 363(i) rights) that he now regrets, Rule 60(b)(1) relief is not available to him. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel.").

In addition, Mr. Adams does not argue inadvertence, surprise, or excusable neglect. He asserts only mistake. Rule 60(b)(1)'s use of "mistake" includes mistake on the part of the court, *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). But a "motion for relief on grounds of judicial error must be filed within a reasonable time not exceeding the time for appeal." *Jones v. Frazesn*, No. 2:07-cv-02758-RCT, 2010 WL 3504847, at *3 (E.D. Cal. Sept. 3, 2010) (internal quotation marks omitted). *Cf. United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("Similarly, a motion under Rule 60(b)(4) is not a substitute for a

11

timely appeal."); *Atkins v. Fiberglass Representatives, Inc. (In re Atkins)*, 134 B.R. 936, 939 (9th Cir. BAP 1992) ("Ninth Circuit decisions have settled that Rule 60(b) is not a substitute avenue for appeal . . . ."). Here, the deadline to appeal the Sale Order was August 23, 2018. Mr. Adams filed his Rule 60(b)(1) motion on December 17, 2018. Thus, to the extent Mr. Adams contends that the mistake was the bankruptcy court's fault (i.e., it misread his notice of withdrawal as his waiving his § 363(i) rights), he did not file his motion within a reasonable time. And we emphasize, again, that Mr. Adams knew of the alleged mistake within a day of the Sale Order's entry.

In sum, the bankruptcy court denied the reconsideration motion in large part because it sought to accomplish what Mr. Adams could have and should have done by way of an appeal or motion before expiration of the appeal period—dispute the finding and conclusion that Mr. Adams had waived his § 363(i) rights. Mr. Adams knew about this alleged error within the timeframe for an appeal. He elected not to appeal or to seek modification during the appeal period and instead to pursue other litigation strategies. On these facts, the bankruptcy court did not abuse its discretion in denying Rule 60(b)(1) relief based on alleged mistake or inadvertence.

## CONCLUSION

Based on the foregoing, we AFFIRM.