**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BRANDON SATTLER, Debtor, ------------------------------ BRANDON SATTLER, Appellant, v. JAMES RUSSELL; et al., Appellees. | No. 20-60029 BAP No. 19-1174 MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Brand, and Gan, Bankruptcy Judges, Presiding

Submitted March 12, 2021[**]
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Debtor Brandon Sattler seeks the reconsideration of various orders entered

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

against him in involuntary bankruptcy proceedings, none of which he timely appealed. *See* Fed. R. Bankr. P. 8002. Instead, after the appeal deadlines had run, he moved to vacate the orders under Federal Rules of Civil Procedure ("FRCP") 60(b)(1) and 60(b)(6),[1] alleging several mistakes of law committed by the bankruptcy court. The bankruptcy court denied the motion, and the Bankruptcy Appellate Panel ("BAP") affirmed. We review the BAP decision de novo, *In re Cherrett*, 873 F.3d 1060, 1064 (9th Cir. 2017), and the decision of the bankruptcy court for abuse of discretion, *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 939 (9th Cir. 2007).

"[U]nder Rule 60(b)[,] the [lower court] can, within a reasonable time *not exceeding the time for appeal*, hold a rehearing and change [its] decision." *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966) (emphasis added). While this rigid timeliness requirement does not apply to "mistakes" *other* than mistakes of law that go to the merits of a case, *see Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (mistake in post-judgment interest rate), that does not help Sattler here, *see, e.g.*, *SEC v. Seaboard Corp.*, 666 F.2d 414, 415–16 (9th Cir. 1982) (courts should not grant a Rule 60(b) motion based only on alleged legal errors, if the motion comes after the time to appeal has expired).

---

[1] Originally, Sattler also brought this motion under FRCP 59(e), but it was untimely under Federal Rule of Bankruptcy Procedure 9023, as he seems to concede on appeal.

2

Granting motions to vacate orders involving alleged legal errors on the merits, "after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (alleged mistake in granting summary judgment). "The uncertainty resulting from such a rule would be unacceptable." *Id.*

We make an exception when the movant can "establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal."[2] *Id.* Sattler tries to analogize his case to *Fibercom*, in which we did find extraordinary circumstances when the bankruptcy court entered an order that violated the Bankruptcy Code after being misled by the opposing party's failure to comply with the court's notice and conspicuousness requirements. 503 F.3d at 941–45. *Fibercom* does not help Sattler, as he alleges only that the bankruptcy court legally erred in ruling on several motions.

Sattler's pro se status at certain stages of the proceedings is not by itself an extraordinary circumstance, and Sattler offered no evidence that anything about his

---

[2] Any motion brought under FRCP 60(b)(6) requires proof of extraordinary circumstances. *See Fibercom*, 503 F.3d at 941. However, other Rule 60(b) motions, including those brought under Rule 60(b)(1), require extraordinary circumstances only if they are based on alleged legal errors that go to the merits and are brought after the deadline to appeal. *See Plotkin*, 688 F.2d at 1293.

pro se status prevented him from timely prosecuting appeals. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests.").

Because Sattler moved to vacate after the deadlines to appeal had expired, and because he has shown no extraordinary circumstances excusing his failures to timely appeal, the bankruptcy court properly denied the motion.[3]

**AFFIRMED.**

---

[3] We need not and do not reach whether the bankruptcy court legally erred in any of the challenged rulings.