

FILED

JAN 16 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> MOHAMMAD KHAN, <br>                 Debtor. | BAP No. EC-23-1004-BCF <br><br> Bk. No. 20-13855 |
| MOHAMMAD KHAN, <br>                 Appellant, <br> v. <br> WILMINGTON TRUST N.A., <br>                 Appellee. | Adv. No. 21-01026 <br><br> **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Rene Lastreto II, Bankruptcy Judge, Presiding

Before: BRAND, CORBIT, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Appellant Mohammad Khan appeals an order denying his motion under Civil Rule 60(b),[1] applicable here by Rule 9024, to vacate the order dismissing his adversary complaint against Wilmington Trust N.A. ("Wilmington"). We AFFIRM.[2]

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed

1

## FACTS

**A.    Events leading to Khan's adversary complaint against Wilmington**

Khan is no stranger to the bankruptcy court, or the Napa County Superior Court where he has been deemed to be a vexatious litigant. Khan filed eleven bankruptcy cases between 2011 and 2020, ten of which were filed between 2016 and 2020. Khan's business partner, Bruce Chadbourne, also filed multiple bankruptcy cases during this time, and Khan's wife filed at least one.

At the center of the serial bankruptcy filings was a real property known as the Mora Property, which may or may not have been Khan's residence. In 2015, Chadbourne was the owner of the Mora Property and in default on a deed of trust owed to Wilmington. Fractional interests in the Mora Property were granted to Khan and his wife, who then assisted Chadbourne in the filing scheme to invoke the automatic stay and avoid foreclosure.

Ultimately, on July 8, 2019, in one of Chadbourne's bankruptcy cases, the court entered an in rem order in favor of Wilmington under § 362(d)(4) affecting the Mora Property for two years – until July 8, 2021. Appeals of the in rem order were unsuccessful.[3]

Khan filed the instant chapter 11 case on December 15, 2020. Prior to the filing, Wilmington conducted a foreclosure sale of the Mora Property, was

---

in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] On March 17, 2023, after this appeal was filed, the Ninth Circuit affirmed the BAP's dismissal of Chadbourne's appeal and refused to consider his challenges to the bankruptcy court's decision. *See Chadbourne v. Wilmington Tr. Nat'l Ass'n (In re Chadboune)*, No. 20-60054, 2023 WL 2555706 (9th Cir. Mar. 17, 2023).

awarded an unlawful detainer judgment against Khan by default, and, in October 2020, obtained a writ of possession. On December 22, 2020, the sheriff's department evicted Khan by locking him out of the Mora Property.

Khan's chapter 11 case was dismissed with prejudice as a bad faith filing in February 2021, and he was barred from filing a petition in the district for 180 days. The bankruptcy court denied Khan's motion to vacate the case dismissal order. The United States Trustee then obtained a default judgment against Khan barring him from filing for bankruptcy for two years – until July 7, 2023 – without permission from the Chief Bankruptcy Judge.

## B.    Khan's adversary complaint against Wilmington

Khan, pro se, filed an adversary complaint against Wilmington four months after his chapter 11 case was dismissed. The gravamen of Khan's complaint was that Wilmington violated the automatic stay when it directed the sheriff to lock him out of the Mora Property a week after he filed his chapter 11 case. Khan also asserted a claim against Wilmington under "§ 523(a)(6)" for "fraud," alleging that Wilmington provided the sheriff with a fraudulent order for the lockout, and a claim under § 542 for turnover of the Mora Property and personal property that was removed. Khan requested a temporary restraining order to prevent a sale of his removed belongings set for the next day on June 22, 2021. In addition to the above relief, Khan prayed for $3 million in punitive damages.[4]

---

[4] Weeks after filing his complaint, Khan requested a temporary restraining order to enjoin the sale of his personal property which had already occurred and moved for turnover of the Mora Property – the same relief he sought in his complaint. Khan failed to

3

The bankruptcy court entered an order to show cause ("OSC") why Khan's adversary complaint should not be dismissed for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim for relief. The court warned that Khan's complaint would be dismissed without further notice if he failed to file and serve a written response to the OSC.

Khan did not file a response to the OSC or appear at the scheduled hearing, and the bankruptcy court dismissed the adversary complaint on September 24, 2021 ("AP Dismissal Order"). The court found that Khan had not properly served Wilmington and that he failed to establish the court's subject matter jurisdiction over his claims for turnover and fraudulent transfer because the complaint was filed after his chapter 11 case had been dismissed. Further, although the automatic stay was in effect for 30 days after Khan filed his chapter 11 case, Wilmington had not violated the automatic stay as a matter of law respecting the Mora Property because of the in rem order. As to any personal property, the court found that a request to enjoin the completed sale was stale and that Khan was given an opportunity to retrieve his belongings but failed to do so.

One year later to the day, Khan moved to vacate the AP Dismissal Order under Civil Rule 60(b), citing error by the court and new evidence. Khan maintained that he was unable to attend the OSC hearing in September 2021 because he was hospitalized – his usual reason for why he misses hearings or filing deadlines. Khan continued to argue that Wilmington violated the

appear at the scheduled hearing. The bankruptcy court denied all relief.

automatic stay as to the Mora Property and that the bankruptcy court erred in holding that the stay was not in effect at the time of the lockout because the appeal of the in rem order in Chadbourne's case was still pending before the Ninth Circuit.

Khan failed to appear at the scheduled hearing for his Civil Rule 60(b) motion. The bankruptcy court denied the motion for procedural and notice deficiencies, and because Khan failed to provide any grounds for relief. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in denying Khan's Civil Rule 60(b) motion?

## STANDARD OF REVIEW

We review the denial of a motion under Civil Rule 60(b) for abuse of discretion. *Tennant v. Rojas (In re Tennant),* 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

5

Our review is limited to the bankruptcy court's denial of Khan's Civil Rule 60(b) motion to vacate the AP Dismissal Order. Civil Rule 60(b) permits a bankruptcy court to grant relief from a final order or judgment on six separate grounds. *See* Civil Rule 60(b)(1)-(6). Other than a reference to "Rule 60," Khan did not articulate under which clause he was seeking relief, and the bankruptcy court did not articulate which clause it applied to deny the motion. Since Khan asserted legal error by the court and new evidence, he apparently was seeking relief under (b)(1) for mistake, inadvertence, surprise, or excusable neglect, and (b)(2) for newly discovered evidence.

Recently, the U.S. Supreme Court held that a judge's errors of law are "mistakes" that can provide a basis for relief under Civil Rule 60(b)(1), but such motions must be filed "within a reasonable time" and are untimely when the movant should have challenged the alleged legal error sooner (*e.g.*, in a timely appeal). *Kemp v. United States,* 142 S. Ct. 1856, 1860, 1864 (2022) (citing *Mendez v. Republic Bank,* 725 F.3d 651, 660 (7th Cir. 2013)). This has long been the law in the Ninth Circuit. *See Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir. 1966) (when a Civil Rule 60(b)(1) motion is based on the court's error, it must be filed before the expiration of the time for appeal); *accord Sattler v. Russell (In re Sattler),* 840 F. App'x 214, 214-15 (9th Cir. 2021) ("Granting motions to vacate orders involving alleged legal errors on the merits, 'after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the

policies supporting finality of judgments.'" (quoting *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982))).

One exception to this rule is "when the movant can 'establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal.'" *In re Sattler*, 840 F. App'x at 215 (quoting *Plotkin*, 688 F.2d at 1293); *see also id.* at 215 n.2 (explaining that Civil Rule 60(b)(1) motions require a showing of extraordinary circumstances when they are based on alleged legal errors that go to the merits and are brought after the appeal deadline). In his Civil Rule 60(b) motion, Khan claimed that he was hospitalized at the time of the OSC hearing and could not attend and that he attempted to correct this matter when he was released but the court did not hear his requests. Khan did not provide any details or evidence of this particular hospitalization. Nor did he elaborate on the efforts he took to address the issue after the OSC hearing.

The docket reflects that Khan filed a motion to vacate the AP Dismissal Order twelve days after it was entered, but he failed to comply with the clerk's instruction to set and notice it for hearing. So, the motion was never heard. If Khan was able to file a motion within twelve days, he clearly was able to file a notice of appeal within fourteen days, or even request an extension of time to file a notice of appeal if necessary. *See* Rule 8002(a), (d). His vague statement that he was hospitalized on the date of the OSC hearing, and that he filed the unheard motion to vacate the AP Dismissal Order but not a notice of appeal, does not amount to "extraordinary circumstances" for

excusing a timely appeal of the AP Dismissal Order. Thus, the court did not err in denying relief under Civil Rule 60(b)(1).

Khan also sought relief based on "newly discovered evidence" under Civil Rule 60(b)(2), but it is not clear what this new evidence was. To the extent it was that Chadbourne's appeal had not been dismissed as the bankruptcy court believed and was still pending, this mattered not because no stay of the in rem order pending appeal had been granted.[5] To the extent it was Khan's argument that Wilmington lacked standing to foreclose or obtain a writ of possession because the mortgage arrears had been cured in 2015, those issues were not properly before the bankruptcy court. In any case, Khan did not present any reason for why evidence supporting this argument was not available at the time of the OSC hearing in September 2021. Further, Wilmington's standing to foreclose and related issues were not even raised in Khan's adversary complaint. Thus, the court did not err in denying relief under Civil Rule 60(b)(2).

## CONCLUSION

The bankruptcy court did not abuse its discretion in denying Khan's Civil Rule 60(b) motion, and we AFFIRM.

---

[5] "Unless stayed, a federal judgment retains all of its preclusion effects and may be enforced during the pendency of an appeal." *In re Sunergy Cal. LLC,* 646 B.R. 840, 844 (Bankr. E.D. Cal. 2022) (citing *Tripati v. Henman,* 857 F.2d 1366, 1367 (9th Cir. 1988)), *aff'd,* BAP No. EC-22-1230-GCB, 2023 WL 4184860 (9th Cir. BAP June 26, 2023).