NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CURTIS LUX; JUSTIN HYMES; KATHY
WADKINS; AARON MATHIS;
MICHAEL BATES; RICK GORDON;
ISHMEL BYRD,

Plaintiffs - Appellants,

v.

ALLAN BENAVIDES, AKA Allen
Glickstein; SOUTHWEST CONCRETE
PUMPING, LLC,

Defendants - Appellees.

No. 25-1571

D.C. No.
2:23-cv-00839-MMD-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted January 6, 2026
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

Curtis Lux, Justin Hymes, Kathy Wadkins, Aaron Mathis, Michael Bates,

Rick Gordon, and Ishmel Byrd (collectively, Appellants) appeal the district court's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

grant of summary judgment in favor of Appellees.  They also appeal the denial of their motion for relief from judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure.  We affirm.

**1.**  The district court did not abuse its discretion by allowing Appellees to file an untimely answer raising the Motor Carrier Act (MCA) affirmative defense.  Courts have inherent authority to accept late filings.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (explaining that "district courts enjoy a wide latitude of discretion in case management").  And we have further "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Magana v. Com. of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997), *as amended.*

Appellants contend that they were denied a fair opportunity to contest the MCA affirmative defense because Appellees asserted the defense after the close of discovery.  However, Appellants had almost six months to move to reopen discovery or otherwise contest Appellees' assertion of the MCA defense before their response to Appellees' summary judgment motion was filed.  *See Simmons v. Navajo County,* 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense. . . .") (citations

omitted).  Indeed, although Appellants pursued several discovery disputes between Appellees' filing of the answer and the summary judgment motion, none concerned the MCA affirmative defense.  *See Lux v. Buchanan*, No. 2:23-cv-00839-MMD-NJK, 2024 WL 1598805, at \*2 - \*3 (D. Nev. Apr. 12, 2024).  Therefore, Appellants failed to demonstrate prejudice.  *Cf. Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1295 (9th Cir. 2000) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint. . . .")[1] (citation omitted).  "In the absence of a showing of prejudice [,] an affirmative defense may be raised for the first time at summary judgment. . . ."  *Garcia v. Salvation Army*, 918 F.3d 997, 1008–09 (9th Cir. 2019) (citation and alterations omitted).

**2.**  The district court did not err in granting summary judgment in favor of Appellees.  *See Western Towboat Co. v. Vigor Marine, LLC*, 85 F.4th 919, 925 (9th Cir. 2023).  The evidence submitted by Appellees established that Southwest was subject to the Secretary of Transportation's authority, that its business involved interstate commerce, and that Southwest did not fall within the small vehicle exception to the MCA.  *See Klitzke v. Steiner Corp.*, 110 F.3d 1465, 1467-

---

[1]  Even in their Reply Brief on appeal, Appellants contend that this court "should *not* allow further discovery on the MCA," and that they "have no desire to force Appellees to produce discovery."  These contentions further suggest that Appellants were not prejudiced.

68 (9th Cir. 1997); *see also* 29 U.S.C. § 213(b)(1); United States Department of Labor, Wage and Hour Division, Fact Sheet #19: The Motor Carrier Exemption under the Fair Labor Standards Act (FLSA) (Revised Nov. 2009), https://www.dol.gov/agencies/whd/fact-sheets/19-flsa-motor-carrier. Appellants offered no countervailing evidence, but relied solely on the designation of Southwest's business license as a construction non-contractor. That designation did not create a genuine dispute of material fact, because the title of a business license is not relevant to the MCA affirmative defense analysis. *See* Fact Sheet. Thus, Appellants failed to meet their burden to raise a material issue of fact. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002), *as amended* ("To defeat summary judgment, [Appellants] must respond with more than mere hearsay and legal conclusions. . . .") (citation and internal quotation marks omitted).

**3.** The district court did not abuse its discretion in denying the motion for relief under Rule 60(b)(1). *See United States v. Asarco Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). "Rule 60(b)(1) authorizes relief from judgment for mistake, inadvertence, surprise, or excusable neglect. . . ." *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (internal quotation marks omitted). The district court applied the Rule 60(b) standard and briefly, but adequately, explained its decision, primarily applying the same rationale it articulated to permit the untimely answer. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 216 (2025) ("To be upheld, a

district court's decision [under Rule 60(b)] need only apply the correct legal standard and offer substantial justification for its conclusion. . . .") (citation, alterations, and internal quotation marks omitted).

Appellants moved for relief under Rule 60(b)(1) on the basis that the court mistakenly concluded that Appellees raised the affirmative defense prior to the close of discovery, and that mistake led to the district court incorrectly rejecting Appellants' waiver argument. However, relief is not warranted under Rule 60(b)(1) for mere legal error. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

There was no excusable neglect or surprise because Appellants had approximately six months from the disclosure of the MCA affirmative defense until their response to the summary judgment motion was filed. During that time, they did not seek any additional discovery on the MCA defense, or file a motion under Rule 56(d), informing the court that they were unable to respond to the motion for summary judgment without additional discovery. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018), *as amended* ("Rule 56(d) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. . . .") (citation and internal quotation marks existed). Thus, Appellants made no tangible showing of prejudice. *See Garcia*, 918 F.3d at 1009 ("There is no prejudice to a plaintiff

where an affirmative defense would have been dispositive if asserted when the action was filed.  Rather, a party must point to a tangible way in which it was prejudiced by the delay.") (citations and internal quotation marks omitted).

**AFFIRMED.**